Alan WHITNEY, Plaintiff,

v.

**BOARD OF REGENTS OF the UNIVER-
SITY OF WISCONSIN et al.,
Defendants.**

Civ. A. No. 72-C-317.

United States District Court,
E. D. Wisconsin.

March 21, 1973.

Lynn S. Adelman, Milwaukee, Wis., for plaintiff.

Betty R. Brown, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, District Judge.

Plaintiff, a nontenured instructor at a public university, has brought an action under 42 U.S.C. § 1983 contending that defendants, university administrators, denied him due process in failing to renew his employment contract for the 1972–1973 school year. The matter is before me on plaintiff's motion for a preliminary injunction reinstating him pending further litigation. In light of the requirements for a preliminary injunction, plaintiff's motion is denied. I do hold, however, that plaintiff is entitled to a hearing for the limited purpose of answering some of the charges made against him by defendants.

In September 1970, plaintiff was appointed an instructor in sociology at the University of Wisconsin-Milwaukee for two years. This appointment expired in June 1972. Although the defendant members of the Executive Committee of the Department of Sociology had earlier planned to recommend that plaintiff be given a further one-year contract even if he did not complete his Ph.D. degree by June 1972, they informed plaintiff in December 1971 that they had changed their position and were now recommending that his contract not be renewed unless all the following criteria were met:

1. Completion of all requirements for the Ph.D. degree by May 1, 1972;

2. Clear, continuous improvement of the quality of instructional performance; and

3. Demonstration of maturity in general performance as a faculty member.

On December 15, 1971, defendant Pincus, pursuant to university regulations, formally notified plaintiff that the recommendation of the Executive Committee had been accepted and that he would not be offered employment for 1972–1973.

Subsequently plaintiff was granted a hearing before the Executive Committee on the above-cited reasons for his nonretention. The hearing was open to the public, and the plaintiff was advised that he could be represented by counsel. At the hearing plaintiff requested that he be told specifically what reason number two, concerning "the quality of instructional performance," and reason number three, concerning his "maturity," meant. Defendant Hall who chaired the hearing refused to be more specific at that time, though he told the plaintiff that the specific acts underlying those reasons would be discussed with him privately. Soon after the hearing these private discussions took place.

Both parties allege a number of other facts concerning plaintiff's conduct, the actual reasons for his nonretention, and the possible arbitrariness of the Executive Committee's decision requiring him to complete his Ph.D. by May 1, 1972. All these facts are disputed, however, and no evidence has been offered to establish the probable truth of any of them. The lack of evidence works against plaintiff here, for I can hardly find that his legal contentions enjoy a probability of success when the underlying factual matters have merely been alleged and disputed. National Grain Yeast Corp. v. City of Crystal Lake, 147 F.2d 711 (7th Cir. 1945); Behre v. Anchor Ins. Co., 297 F. 986 (2d Cir. 1924); Trautwein v. Moreno Mut. Irr. Co., 22 F.2d 374 (9th Cir. 1927). Therefore I am left with deciding whether a preliminary injunction should be granted on the basis of the undisputed facts alone.

■ To obtain a preliminary injunction the moving party must establish that he has a strong likelihood of prevailing on the merits and that failing to grant preliminary relief will cause him irreparable injury. In addition, the court must consider whether granting the relief will cause substantial harm to others or be contrary to the public interest. Hanley v. Volpe, 305 F.Supp. 977, 982 (E.D. Wis.1969).

■ The decision by the United States Supreme Court in Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), was a fatal blow to plaintiff's contention that he was denied continued employment without procedural due process. The majority opinion by Justice Stewart held that a nontenured teacher's interest in continued employment was not an interest in liberty or property sufficient to invoke *any* procedural due process protection. Hence, since the plaintiff was a nontenured teacher he cannot say that his interest in continued employment was taken without procedural due process regardless of the procedure followed.

■ Plaintiff has shown a likelihood of success on one contention, however. He alleges that in charging him with being in effect an inadequate and immature faculty member, defendants impaired his interest in his good name. That interest is entitled to due process protection, and therefore plaintiff had a right to a hearing to refute those charges.[1] The hearing he was given, plaintiff submits, was inadequate because the charges were too vague to be refuted. I agree.

■■ The Supreme Court in *Roth*, supra, noted the need for a limited hearing when, as here, damaging charges were made against the teacher:

> "The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in his community. It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality. Had it done so, this would be a different case. For '[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.' (Citations omitted.) In such a case, due process would accord an opportunity to refute the charge before University officials. In the present case, however, there is no suggestion whatever that the respondent's interest in his 'good name, reputation, honor, or integrity' is at stake." 408 U.S. at 573, 92 S.Ct. at 2707.

I find that the charges of inadequacy and immaturity were likely to injure

---

1. The use of the word "charges" in this context should not be misunderstood. In explaining their decision not to renew a teacher's contract, the administrators do not so much make charges as give reasons; their decision is not disciplinary in nature but evaluative. For convenience, the word "charges" refers to those relatively few reasons which are likely to injure the teacher's reputation.

plaintiff's reputation, and that, therefore, he was entitled to a public hearing to "clear his name." *Roth* at 573 n. 12, 92 S.Ct. 2701. The damaging charges, namely, that plaintiff's teaching was in effect inadequate and that he was "immature," were too vague to make effective refutation possible. Cf. United States v. St. Clair, 293 F.Supp. 337, 341 (E.D.N.Y.1968); see also Willner v. Committee on Character and Fitness, 373 U.S. 96, 104–105, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963), motion for clarification denied 375 U.S. 950, 84 S.Ct. 439, 11 L.Ed.2d 312 (1963); Morgan v. United States, 304 U.S. 1, 18–19, 58 S.Ct. 773, 82 L.Ed. 1129 (1938). To be sure, plaintiff was later told the specific reasons in private. But that cannot cure the failure to give plaintiff a chance to challenge the specific reasons publicly when, as here, the damage is the injury to plaintiff's standing in the eyes of the public. Hornsby v. Allen, 326 F.2d 605, 608 (5th Cir. 1964), rehearing denied 330 F.2d 55 (5th Cir. 1964); Coe v. Armour Fertilizer Works, 237 U.S. 413, 424, 35 S.Ct. 625, 59 L.Ed. 1027 (1915). Defendants' assertion that they were vague only to protect plaintiff from further embarrassment cannot excuse them when it is plaintiff himself who asked for the specifics.

■■ The remedy available to plaintiff for defendants' failure to afford him an adequate opportunity to clear his name is limited, however. Naturally the remedy for a denial of due process must be designed to protect the interest in liberty or property to which the due process guarantees applied. Reinstatement is only a proper remedy if the "property" taken without due process is plaintiff's interest in having his contract renewed. But the Supreme Court in *Roth* made clear that procedural due process protection does not attach to that interest. Instead the Court noted that procedural protection attached only to plaintiff's interest in his good name. In other words, the denial of due process here lay not in failing to renew plaintiff's contract but in harming his reputation without giving him adequate opportunity to refute the charges. The appropriate remedy, therefore, is not to reinstate plaintiff but merely to provide him with an effective opportunity to refute the charges publicly and, if possible, to grant him any damages which he can show arose from the original denial of that opportunity. Since the injury, if any, to plaintiff's good name will increase with the length of time between the damaging charge and public refutation of the charge, defendants should provide a hearing on the charges of inadequate instructional performance and immaturity within ten days of plaintiff's request.

■ The question then becomes what form of hearing is necessary. As indicated above, defendants must particularize the charges of inadequacy and immaturity. Though I recognize the difficulty in articulating the reasons why a teacher is considered inadequate or immature, the degree of particularity required should reflect the experience defendants have acquired in making personnel decisions of this nature.

To make plaintiff's opportunity to refute the charges meaningful, he must also be told their source. Plaintiff's previous hearing followed the format described in the lower court opinions in *Roth* where it was held that the school administrators need only state their charges, charges which in the teaching context will often be little more than conclusions. Roth v. Board of Regents of State Colleges, 310 F.Supp. 972, 980 (W.D.Wis.1970). That rule, however, leaves the teacher fighting shadows. Not knowing the basic facts that give rise to the charge against him, he must survey all the possible incidents that may have led to the charge and explain each one. Often the teacher can only deny the charge and state that he does not know what the source could be. Requiring the school to indicate the source of the charges will cause it some inconvenience, but the teacher's interest in learning the source predominates.

The hearing must also include the following procedures, some of which have already been provided in this case:

1. Advance notice of the charges;

2. An opportunity to respond to the charges;

3. An opportunity to present witnesses under oath;

4. An opportunity to confront and cross-examine opposing witnesses under oath; and

5. An opportunity to have a verbatim transcript made at the teacher's own initiative and expense.[2]

A three-judge federal court in this district recently held that a city council must provide the holder of a liquor license with these procedures before failing to renew his license. Misurelli v. City of Racine, 346 F.Supp. 43 (E.D. Wis.1972). I cannot say that plaintiff's interest in publicly refuting charges which may have injured his reputation is necessarily less than a tavern owner's interest in retaining his license, nor can I say that the school's interest in avoid-. ing these procedures is greater than the city council's.

Once plaintiff is given an opportunity, pursuant to these procedures, to respond to the charges against him, the purpose of the hearing is fulfilled. Defendants need not reconsider their decision to deny plaintiff further employment; of course, they are free to do so.

In refusing plaintiff's request for immediate reinstatement, I do not question the need in the academic community for debate about ideas and life styles that is "uninhibited, robust, and wide-open." New York Times v. Sullivan, 376 U.S. 254, 270, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Nor do I ignore the tendency

in universities, as in other institutions, for personnel decisions to turn on some basis other than an individual's institutional performance. But in this case the undisputed facts taken alone do not support a finding that plaintiff's contract was not renewed for an arbitrary or constitutionally impermissible reason.

It is therefore ordered that plaintiff's motion for a preliminary injunction reinstating him be and it hereby is denied.

It is further ordered that if plaintiff requests a public hearing within thirty days from the date of the entry of this decision and order, defendants shall provide him with one on the charges of inadequate instructional performance and immaturity within ten days of plaintiff's request. The hearing shall conform with the requirements set forth in this opinion.

---

2. Though the Court of Appeals for the Seventh Circuit implied in *Roth* that a nontenured teacher was only entitled to a "glimpse" at the reasons for the nonrenewal of his contract and not to a hearing of the scope required here, the interests of the teacher and the school were different. Roth v. Board of Regents of State Colleges, 446 F.2d 806 (7th Cir.

1971). As the Supreme Court decision in *Roth* indicated, the teacher's interest in that case did not merit any procedural protection. When a teacher's interest in employment will merit procedural protection is not clear in light of *Roth*. See also Perry v. Sindermann, 408 U.S. 593, 92 S. Ct. 2694, 33 L.Ed.2d 570 (decided June 29, 1972).