Barbara A. **BERRY**, Plaintiff,

v.

Francis N. **HAMBLIN** et al.,
**Defendants.**

**Civ. No. 72–343.**

United States District Court,
M. D. Pennsylvania.

March 22, 1973.

Ambrose R. Campana, Williamsport, Pa., for plaintiff.

James R. Adams, Deputy Atty. Gen., Com. of Pa. Dept. of Justice, Harrisburg, Pa., for defendants.

## OPINION

MUIR, District Judge.

Plaintiff Barbara Berry instituted this action against the defendant president and trustees of Lock Haven State College claiming that her rights under the Civil Rights Act of 1871, 42 U.S.C. § 1983, were violated when she was discharged without a hearing from employment as a Physical Education teacher at the college. Defendants have moved to dismiss the complaint under F.R.Civ.P. 12(b) for several reasons, only one of which need be reached at this time: that Plaintiff has failed to plead sufficient facts to state a claim.

For purposes of the motion to dismiss, the complaint must be viewed in the light most favorable to Plaintiff, and her factual allegations are taken as true.[1] The complaint's conclusory allegations, on the other hand, need not be accepted as true.[2]

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] Plaintiff is required to set

1. Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Jenkins v. McKeithen, 395 U.S. 411, 421–422, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

2. Carr v. Sharp, 454 F.2d 271, 273 (3d Cir. 1971); Negrich v. Hohn, 379 F.2d 213, 215 (3d Cir. 1967).

3. F.R.Civ.P. 8(a)(2).

forth explicitly or by fair implication the essential elements of her claim.[4]

The essence of Plaintiff's claim is that her discharge without a prior hearing infringed upon an interest protected by the Fourteenth Amendment. Defendants in their motion to dismiss challenge her conclusion that she had an interest protected by the Fourteenth Amendment at stake here. In reply, Plaintiff asserts that the complaint establishes two such interests. The first is in the nature of a property interest: an expectancy of continued employment. It is clear that an objective expectancy of continued employment, proven by a specific or implied contract right or by a *de facto* tenure system, is protected by the Fourteenth Amendment.[5] It is equally clear that a mere subjective expectancy of continued employment is not protected.[6] Plaintiff argues that because she had been employed by the college for 3 years prior to notice that her employment would be terminated a year thereafter, had a Master's Degree, and was considered for the formal tenure which was denied her, she had a justifiable expectation of continued employment. However, she has not pointed to any rules, regulations, policies or objective indications of implied promises that her employment was or would be other than on a year to year basis. This failure is fatal to her argument.

Plaintiff's second interest allegedly protected by the Fourteenth Amendment is one in the nature of liberty. She asserts that her "good name, reputation, honor . . . [and] integrity"[7] have been impugned by the letter from Defendant Hamblin to her in which he states the reasons for her discharge. Those reasons include complaints of inadequate attention to students who do not excel at sports, hostility to colleagues, indifference to rules and regulations of the physical education department, and failure to evidence potential for professional growth. In my view, while these charges may injure Plaintiff's professional reputation, they are not the type of charges which entitle her to a hearing. A discharge based on a charge of immorality, debauchery or disloyalty to the nation may be a badge of infamy.[8] Hence the dismissed employee who has been so charged has a right to a hearing to controvert the charges.[9] Discharge based on allegedly poor professional performance is not a badge of infamy.

Having failed to allege facts sufficient to establish an interest protected by the Fourteenth Amendment, Plaintiff's complaint will be dismissed. However, because it is possible that she can allege and prove such facts, she will be granted 20 days within which to amend her complaint to rectify its deficiency.[10]

An Order in accordance with this Opinion will be entered.

4. Daves v. Hawaiian Dredging Co., 114 F.Supp. 643, 645 (D.Haw.1953) ; 5 Wright & Miller, Federal Practice and Procedure, § 1216 at 121–123.

5. Perry v. Sindermann, 408 U.S. 593, 601–602, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) ; Board of Regents v. Roth, 408 U.S. 564, 578, 92 S.Ct. 2701, 33 L.Ed. 2d 548 (1972).

6. *Perry,* supra, 408 U.S. at 603, 92 S.Ct. 2694.

7. *Roth,* supra, 408 U.S. at 573, 92 S.Ct. at 2707.

8. See, e. g., Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed. 2d 515 (1971) ; Wieman v. Updegraff, 344 U.S. 183, 190–191, 73 S.Ct. 215, 97 L.Ed. 216 (1952).

9. *Roth,* supra, 408 U.S. at 573, 92 S.Ct. 2701.

10. Karlinsky v. New York Racing Ass'n, Inc., 310 F.Supp. 937 (S.D.N.Y.1970) ; See Jackson v. Nelson, 405 F.2d 872 (9th Cir. 1968) ; Lone Star Motor Import, Inc. v. Citroen Cars Corp., 288 F.2d 69 (5th Cir. 1961) ; MacLaughlin v. Union Switch & Signal Co., 166 F.2d 46 (3d Cir. 1948).