Wayne HAJDUK, Plaintiff,

v.

**VOCATIONAL TECHNICAL AND ADULT EDUCATION DISTRICT NO. 13 et al., Defendants.**

Civ. A. No. 71–C–449.

United States District Court, E. D. Wisconsin.

April 18, 1973.

Gregory B. Conway and Herbert C. Liebmann, III, Green Bay, Wis., for plaintiff.

Robert Bittner, Green Bay, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, District Judge.

The plaintiff in this action was a teacher in the public schools whose yearly employment contract was not renewed by the defendant school board. This matter is before the court on defendants' motion to dismiss. Two violations of due process are alleged, one procedural and one substantive: first, that the school board did not follow lawful procedures in deciding not to retain plaintiff; second, that the true reason for plaintiff's nonretention was his exercise of his first amendment rights. Jurisdiction arises under 28 U.S.C. § 1343 and 42 U.S.C. § 1983. I find that plaintiff's procedural claim no longer presents a cause of action in light of the Supreme Court decision in Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Plaintiff's substantive claim, however, plainly does present a cause of action, and, accordingly, defendants' motion to dismiss is denied.

Plaintiff was a nontenured teacher at the Northeast Wisconsin Technical Institute in Green Bay, Wisconsin, during the 1969–1970 and 1970–1971 school

years. On February 24, 1971, he was notified that defendants were considering nonrenewal of his contract. Plaintiff then requested a list of the reasons and a hearing. The board responded with the following reasons:

1. Failing to meet the required standards of preparation for class.

2. Failing to meet the required standard of class control and discipline.

3. Failing to meet required standards of articulation of presentation of course materials.

4. Failing to meet the required standard of community involvement.

5. Failing to show an interest in upgrading himself in his particular discipline in order to become eligible for unqualified certification.

6. Evidencing a lack of cooperation in implementing the school policies relating to community involvement, student selection, and development of teaching materials.

A hearing was held on May 12, 1971, before the Northeast Wisconsin Technical Institute School Board (hereafter "Board"). Plaintiff was represented by counsel; opposing counsel appeared on behalf of the school staff that had recommended against plaintiff's retention. The format of the hearing was that required by the district court opinion in Board of Regents v. Roth, 310 F.Supp. 972, 979–980 (W.D.Wis.1969), whereby the burden of going forward and the burden of proof was on the teacher, and the school was only obliged to respond if the teacher made a reasonable showing that the stated reasons were wholly inappropriate or that they were wholly without a basis in fact. Plaintiff was the sole witness on his behalf. Without hearing any witnesses for the school, the Board concluded that plaintiff had not met his burden and voted not to renew his contract. Plaintiff then filed this action alleging that the statement of reasons and hearing provided were constitutionally deficient and that the actual reason for his nonretention was his criticism of the defendants' administrative policies, especially one aspect of their admission's policy. The relief requested is reinstatement and back pay.

The alleged procedural deficiencies were the failure of the Board to call any witnesses or offer any evidence to substantiate the charges against plaintiff, the failure to clarify certain charges at his request, and the failure to maintain an appearance of impartiality. After plaintiff filed the action, the United States Supreme Court handed down its decision in Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and in so doing answered these procedural objections. The Court in Roth held that a nontenured teacher employed under a yearly contract did not have a sufficient property interest in the renewal of his contract to invoke procedural due process protection. Accordingly, the Court reversed the lower courts which had held that nontenured teachers were entitled to a statement of reasons and an administrative hearing before the decision-making body. The outgrowth of *Roth* is that a school board may decide not to renew a nontenured teacher's contract without giving the teacher any reason for its action. Indeed the Board is discouraged from giving reasons, for it may then become compelled to provide the teacher a hearing if the reasons are such as would injure the teacher's good name, a property interest which does merit procedural due process protection. Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952); Board of Regents v. Roth, supra, 408 U.S. at 574 n. 13, 92 S.Ct. at 2701. In light of *Roth*, the Board in this case was not compelled to give plaintiff any hearing whatsoever, nor did it become compelled to do so by notifying him of the reasons for his nonretention. For the reasons the Board gave did not suggest immorality or irresponsibility, nor did they amount to such a conclusive evaluation of plaintiff's professional competence as would injure his good name. Cf. Whit-

ney v. Board of Regents, 355 F.Supp. 321 (E.D.Wis., March 21, 1973).

Still remaining is plaintiff's contention that the actual reason for his nonretention was his criticism of the Board. If this contention is true and the reasons given by the Board are only a pretext, plaintiff will be entitled to relief. Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1967); Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1965); cf. J. P. Stevens & Co. v. Labor Board, 380 F.2d 292 (2d Cir. 1967). So simply stating this contention in his pleadings, as plaintiff does, is sufficient to withstand a motion to dismiss.

It is therefore ordered that defendants' motion to dismiss the claim that defendants did not follow necessary procedures in declining to renew plaintiff's contract be and it hereby is granted.

It is further ordered that defendants' motion to dismiss the claim that defendants declined to renew plaintiff's contract in retaliation for plaintiff's exercise of his first amendment rights be and it hereby is denied.