Argued November 19, affirmed December 24, 1973, reconsideration denied January 30, petition for review denied February 20, 1974

# HAWKINS, *Appellant, v.* LINN COUNTY SCHOOL DISTRICT No. 14 ET AL (No. 41777), *Respondents.*

517 P2d 330

*Willard Bodtker,* Albany, argued the cause for appellant. With him on the briefs were Long, Bodtker & Post, Albany.

*Sam Kyle,* Albany, argued the cause for respondents. With him on the brief were Emmons, Kyle, Kropp & Kryger, Albany.

William D. North, and Kirkland & Ellis, Chicago, Illinois, filed a brief amicus curiae.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

This appeal arises out of an order sustaining defendants' pretrial demurrer to plaintiff's complaint for failure to state a cause of action.

Plaintiff's complaint alleged that she had been employed as a nontenured teacher by defendants for a period of nearly 14 years under annual contracts. In March of 1972 she was notified by defendants that she would not be re-employed for the following year. As

permitted by ORS 342.513① plaintiff requested that defendants spread upon their records the reason for the nonrenewal. They complied, stating:

> " 'Mrs. Mildred Hawkins was not offered a contract for the 1972-1973 school year because of:
>
> 1. Failure in general to communicate with and co-operate with the Principal and Staff of the school in her field of responsibility.
> 2. Altering of the class room schedules and use of the building facility without prior agreement with the class room teacher and permission of the Principal.' "

The complaint concluded with a prayer for a decree directing defendants to hold a pre-discharge hearing and to reinstate plaintiff as a teacher with back pay pending the hearing. Plaintiff contends that by virtue of *Board of Regents v. Roth,* 408 US 564, 92 S Ct 2701, 33 L Ed 2d 548 (1972), and *Perry v. Sindermann,* 408 US 593, 92 S Ct 2694, 33 L Ed 2d 570, 578 (1972), she is constitutionally entitled to the relief she seeks because: (1) the reasons for her discharge as spread upon the record of defendant district deprived her of "liberty" and, separately; (2) her 14 years of continuous employment with defendants gave her a property right which could not be terminated without a pretermination hearing.

---

① ORS 342.513 states in pertinent part:

"(1) Each district school board shall give written notice by March 15 of each year to all teachers and administrators in its employ who are not under tenure or who are not eligible for a three-year contract * * * the renewal or nonrenewal of the contract for the following school year. In case the district board does not renew the contract, the material reason therefor shall, at the request of the teacher or administrator, be spread upon the records of the school district and the board shall furnish a statement of the reason for nonrenewal to the teacher or administrator * * *.

"* * * * * *."

■ Pretermination hearings for nontenured teachers are not required by statute, and thus are required only in situations contemplated by *Board of Regents v. Roth,* supra, and *Perry v. Sindermann,* supra:

> "* * * [T]he Constitution does not require opportunity for a hearing before the nonrenewal of a nontenured teacher's contract, unless he can show that the decision not to rehire him somehow deprived him of an interest in 'liberty' or that he had a 'property' interest in continued employment, despite the lack of tenure or a formal contract * * *."
> *Perry v. Sindermann,* supra, 33 L Ed 2d at 578.

For the reasons which follow we find that the facts set forth in plaintiff's complaint do not constitute a case of deprivation of either "liberty" or "property."

## A. DEPRIVATION OF LIBERTY

While not precisely defining the meaning of the term "liberty," the court in *Roth* attempted to describe it:

> " 'Without doubt [the word "liberty"] * * * denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized * * * as essential to the orderly pursuit of happiness by free men.' * * *.
>
> "* * * * *
>
> "The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in his community. It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality. Had it done so, this would be a different case. For

'[w]here a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.' * * * In such a case, due process would accord an opportunity to refute the charge before University officials * * *.

"* * * * * *

"Similarly, there is no suggestion that the State, in declining to re-employ the respondent, imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities * * *. Had it done so, this, again, would be a different case * * *. The Court has held * * * that a State * * * cannot foreclose a range of opportunities 'in a manner * * * that contravene[s] * * * Due Process' * * * and * * * in a manner that denies the right to a full prior hearing * * *." *Board of Regents v. Roth,* supra, 33 L Ed 2d at 558-59.

The only statements about the plaintiff in the case at bar were that she was uncooperative and uncommunicative and that she altered classroom schedules and used the building facilities without prior agreement.

■ A review of cases from other jurisdictions considering the question indicates that the charges made against plaintiff here are generally not considered to result in such an injury to reputation or employment opportunities as to constitute a deprivation of liberty requiring a pretermination hearing. For example, it has been held that charges alleging complaints of inadequate attention to students, hostility to colleagues, indifference to rules and regulations, and failure to evidence potential for professional growth do not entitle a nontenured teacher to a hearing. *Berry v. Hamblin,* 356 F Supp 306, 308 (MD Pa 1973). Nor do allegations of difficulty in relating to pupils and par-

ents, weakness in class control and inadequate motivation of pupils. *Miller v. School District Number 167, Cook County, Ill.,* 354 F Supp 922, 925 (ND Ill 1973). For other cases holding that similar language did not create a right to a pretermination hearing, *see, Jenkins v. United States Post Office,* 475 F2d 1256, 1257 (9th Cir 1973); *Lipp v. Board of Education of City of Chicago,* 470 F2d 802 (7th Cir 1972); and *Russell v. Hodges,* 470 F2d 212 (2d Cir 1972). The only published opinion we have found which holds language analogous to that in the case at bar required a pretermination hearing is *Whitney v. Board of Regents of University of Wis.,* 355 F Supp 321 (ED Wisc 1973), in which the court held that a statement that a teacher was immature and inadequate was sufficient. It is contra to other authority, and we do not agree with it.

## B. DEPRIVATION OF PROPERTY

■■ Both in her brief and at oral argument plaintiff pursued the portion of *Roth* dealing with the deprivation of liberty. In her complaint, on the other hand, she bases her prayer on a deprivation of property. The only factual contention that could establish such a property interest in her job is the statement that she has been employed by defendant school district since 1958. This, standing alone, is not enough to support a claim of a deprivation of property under *Roth* and *Sindermann.* She must allege the existence of rules or understandings promulgated or fostered by state officials which would justify a legitimate claim of entitlement to job tenure; mere statements of continuous employment will not suffice. *Board of Regents v. Roth,* supra, 33 L Ed 2d at 561; *Skidmore v. Shamrock Independent School District,* 464 F2d 605, 606 (5th Cir 1972). In the absence of such allegations plaintiff has

not pleaded any basis for a property interest in her job sufficient to require a pretermination hearing.[2]

Since the actions of defendants deprived plaintiff of neither "liberty" nor "property," the judgment of the court below was proper, and no pretermination hearing was required.[3]

Affirmed.

---

[2] We do not decide whether property rights in a position may ever exist aside from statutory tenure in Oregon, but only indicate that Mrs. Hawkins has not pleaded the minimum criteria necessary to even raise the question of property rights. *See,* Papadopoulos v. Board of Higher Ed., 14 Or App 130, 511 P2d 854, Sup Ct *review denied* (1973).

[3] Teachers in plaintiff's situation are now covered by the terms of the Fair Dismissal Law, ORS 342.805 et seq (Oregon Laws 1973, ch 298, sec 1) after a one-year probationary period. This law requires a hearing for permanent teachers before dismissal.