## B. M. C. SETTY v. MINNESOTA STATE COLLEGE BOARD AND ANOTHER.

235 N. W. 2d 594.

October 10, 1975—No. 44897.

*Robert E. Debel,* for appellant.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, and *Richard B. Allyn,* Special Assistant Attorney General, for respondents.

*Joseph A. Amato* and *David L. Simpson,* for Southwest Minnesota State College Grievance Committee, amicus curiae, seeking reversal.

Heard before Sheran, C. J., and Todd, and Knutson, JJ., and considered and decided by the court en banc.

PER CURIAM.

This appeal is taken by B. M. C. Setty from a district court order dismissing appellant's petition for review under Minn. St.

15.0424, of a determination of the State College Board upholding the decision of Southwest Minnesota State College to not renew appellant's teaching contract. Section 15.0424 provides judicial review of administrative action to "[a]ny person aggrieved by a final decision in a contested case of any agency." The term "Contested Case" is defined in Minn. St. 15.0411, subd. 4, to mean—

"* * * a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are *required by law or constitutional right* to be determined after an agency hearing." (Italics supplied.)

The district court held that the hearing before the Board was not "required by law or constitutional right," that this was not a contested case, and that no jurisdiction existed under Minn. St. 15.0424, subd. 1, to review the Board's order. We affirm.

The sole issue presented is whether a pretermination hearing was required by statutory or constitutional law.

In December 1970, Setty, a nontenured faculty member at Southwest Minnesota State College, was informed by the college president that his probationary appointment would not be renewed for the forthcoming academic year of 1971-1972 and, accordingly, that his employment would terminate when his current contract expired. The reason given was as follows:

"* * * This decision is based upon a review of your professional performance in the Electronic Engineering Technology Program as reported by Professor Hicken, Dean Metz, and Dean Shane.

"My understanding of the evaluation of your teaching indicates that while you are well qualified in your professional field, it appears that there is difficulty in your relating to students in Engineering Technology."

Setty obtained a hearing before respondent Minnesota State College Board, which upheld the president's decision to terminate his employment.

Neither Minnesota statutes nor State College Board regulations entitle a nontenured college faculty member whose contract is not renewed after expiration to a hearing as a matter of law. Our teacher tenure laws, Minn. St. 125.12 and 125.17, apply only to teachers in elementary, secondary, and vocational schools.[1] Thus, employment policy at state colleges is a matter left to regulation by the Board pursuant to Minn. St. 136.14. The procedure by which Setty obtained his hearing before the Board is set forth in Operating Policy 6 (later renumbered to 12) as follows:

"* * * [A]ll petitions now on file from non-tenured faculty members whose contracts are not renewed and whose employment was terminated effective this spring and any petitions received in the future from such persons, be referred to the Rules and Appeals Committee *for a determination by the Committee as to whether hearings should be granted* to the petitioners by the Board or its designee." (Italics supplied.)

While this regulation authorizes discretionary hearings, Setty was not entitled to a hearing as of right.[2] A gratuitous hearing is not one required by law. Town of Norway v. State Board of Health, 32 Wis. 2d 362, 145 N. W. 2d 790 (1966).

---

[1] Minn. St. 125.12, subd. 1, provides that a superintendent, principal, supervisor, classroom teacher, and any other professional employee "required to hold a certificate from the state department" shall be deemed a teacher within the meaning of § 125.12. Section 125.03, subd. 1, defines teachers for the purpose of certification as "all persons employed in a public school as members of the instructional and supervisory staff such as superintendents, principals, supervisors, classroom teachers, librarians and the county superintendents of schools." Public schools are classified in § 120.05, subd. 1, to include elementary, middle school, secondary, vocational center school, and area vocational-technical school. With respect to § 125.17, applicable to cities of the first class, subd. 2 also refers to "teachers in the public schools."

[2] Compare State College Board Rules and Regs., No. 17, which directs that a hearing "shall be provided" upon request when a nontenured faculty member is discharged for cause prior to the expiration of his current employment contract.

The question remaining is whether Setty had a constitutional right to a hearing. Board of Regents v. Roth, 408 U. S. 564, 92 S. Ct. 2701, 33 L. ed. 2d 548 (1972), and Perry v. Sindermann, 408 U. S. 593, 92 S. Ct. 2694, 33 L. ed. 2d 570 (1972) establish four situations in which a nontenured teacher whose contract is not renewed after expiration is constitutionally entitled to a hearing. These are:

(1)  Where the contract nonrenewal is related to the teacher's exercise of free speech under the First Amendment.

(2)  Where the teacher is confronted with a charge that might seriously damage his or her standing and associations in the community.

(3)  Where the failure to reemploy the teacher imposes a stigma or other disability on him or her which forecloses future freedom to take advantage of other employment opportunities.

(4)  When the teacher, by virtue of existing state policies, the contract terms, or similar understandings, has a reasonable expectancy of reemployment.

Ferris v. Special School Dist. No. 1 (D. Minn.) No. 4-73 Civil, November 29, 1973 (unreported order by Judge Philip Neville) added another situation in which a hearing would constitutionally be required:

(5)  Where the adverse reports on which action is taken are prepared by the school's superiors or plaintiff's compatriots and are fabricated, without any foundation or basis in fact whatsoever, or are maliciously designed so as to use the freedom of the nontenure period for reasons of personal calumny, hatred, vindication, or dislike—thus using the probationary period as a sword rather than a shield.

We review these five exceptions to the general rule that a hearing is not required in order, keeping in mind that Setty must bear the burden of proof that he has a constitutionally protected interest. Perry v. Sindermann, 408 U. S. 593, 598, 92 S. Ct. 2694, 2698, 33 L. ed. 2d 570, 578; Illinois Statement Employees Union v.

Lewis, 473 F. 2d 561, 567 (7 Cir. 1972), certiorari denied, 410 U. S. 928, 943, 93 S. Ct. 1364, 1370, 35 L. ed. 2d 590, 609 (1973); Alexander v. Warren, Arkansas, School Dist. No. 1 Board, 464 F. 2d 471, 472 (8 Cir. 1972).

First, Setty has not alleged that the decision not to renew his contract was "made in retaliation for his exercise of the constitutional right of free speech." Perry v. Sindermann, 408 U. S. 593, 598, 92 S. Ct. 2694, 2698, 33 L. ed. 2d 570, 578. Nor is his interest in teaching at the college itself a free speech interest. Board of Regents v. Roth, 408 U. S. 564, 575, note 14, 92 S. Ct. 2701, 2708, 33 L. ed. 2d 548, 559.

Second, we agree with the district court that a charge of difficulty in relating to students does not "seriously damage" Setty's good name or reputation to the extent that a pretermination hearing would be required. Board of Regents v. Roth, 408 U. S. 564, 573, 92 S. Ct. 2701, 2707, 33 L. ed. 2d 548, 558. Cf. Hawkins v. Linn County School Dist. No. 14, 16 Ore. App. 41, 517 P. 2d 330 (1973); Berry v. Hamblin, 356 F. Supp. 306 (M. D. Pa. 1973); Jenkins v. United States Post Office, 475 F. 2d 1256 (9 Cir. 1973); Russell v. Hodges, 470 F. 2d 212 (2 Cir. 1973); Hajduk v. Vocational Technical & Adult Ed. Dist. No. 13, 356 F. Supp. 33 (E. D. Wis. 1973); Ferris v. Special School Dist. No. 1, *supra*; Suarez v. Weaver, 484 F. 2d 678 (7 Cir. 1973); Lipp v. Board of Education of City of Chicago, 470 F. 2d 802 (7 Cir. 1972); Shirck v. Thomas, 486 F. 2d 691 (7 Cir. 1973); Stewart v. Pearce, 484 F. 2d 1031 (9 Cir. 1973).

With respect to the third exception, even assuming arguendo that Setty's nonrenewal will make him less desirable to other employers, his eligibility for other employment has not been foreclosed. Board of Regents v. Roth, 408 U. S. 564, 574, note 13, 92 S. Ct. 2701, 2708, 33 L. ed. 2d 548, 559; Calvin v. Rupp, 471 F. 2d 1346 (8 Cir. 1973); Lipp v. Board of Education of City of Chicago, *supra*.

Fourth, unlike Perry v. Sindermann, 408 U. S. 593, 602, 92 S. Ct. 2694, 2700, 33 L. ed. 2d 570, 580, the Board here has estab-

lished an explicit tenure system and Setty has alleged no peculiar rules, policies, or contract provisions which confer upon him a "legitimate claim of entitlement to continued employment." See also, Skidmore v. Shamrock Independent School Dist. 464 F. 2d 605, 606 (5 Cir. 1972). A mere expectancy based on periods of continuous employment will not suffice. Hawkins v. Linn County School Dist. No. 14, *supra*; Board of Regents v. Roth, 408 U. S. 564, 577, 92 S. Ct. 2701, 2709, 33 L. ed. 2d 548, 560.[3]

Finally, with regard to the fifth exception, Setty did not allege when petitioning the Board for a hearing, nor has he subsequently attempted to prove at any stage in these proceedings, that the performance evaluation upon which his nonrenewal was based was "maliciously or vindictively inspired." (Italics omitted.) Ferris v. Special School Dist. No. 1, *supra*.

We therefore conclude that the Board hearing was not required by law or constitutional right and that the district court properly dismissed Setty's petition for review of this discretionary hearing.

Affirmed.

MR. JUSTICE MACLAUGHLIN took no part in the consideration or decision of this case.

.

---

[3] The United States Supreme Court has also held that due process does not require a hearing prior to dismissal of a *nonprobationary* Federal employee. Arnett v. Kennedy, 416 U. S. 134, 94 S. Ct. 1633, 40 L. ed. 2d 15 (1974). See, Comment, 59 Minn. L. Rev. 421 (1974).