David A. LIPP, individually and on behalf of all other teachers similarly situated, Plaintiff-Appellant,

v.

The **BOARD OF EDUCATION OF the CITY OF CHICAGO** et al., Defendants-Appellees.

No. 71–1912.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 1, 1972.

Decided Nov. 27, 1972.

Robert K. Downs, Chicago, Ill., for plaintiff-appellant.

James W. Coffey, James E. Riley, Chicago, Ill., for defendants-appellees.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and PELL, Circuit Judge.

CASTLE, Senior Circuit Judge.

This case is another in the field of public employment relations law where a procedure set forth in a collective bargaining agreement between a governmental unit and a union representing public employees is challenged on constitutional grounds. Plaintiff David Lipp brought this class action against the Board of Education of the City of Chicago challenging the grievance procedure established in a collective bargaining contract between the Board and his union because it did not provide rights allegedly guaranteed by the due process clause of the fourteenth amendment. The district court dismissed the complaint for failure to state a cause of action, and this appeal followed.

Mr. Lipp's complaint alleged the following facts. Plaintiff Lipp was a full time basis substitute teacher with temporary certification employed by the Board of Education at the John T. Pirie Elementary School in Chicago. On June 17, 1970, the Bureau of Teacher Personnel of the Board received an efficiency rating of Lipp made by his principal, Philip M. Carlin. This rating found the plaintiff's work to be generally satisfactory, but reported that his appearance and practice of following school policies were unsatisfactory. It also contained Carlin's comments that Mr. Lipp "has a negative attitude towards the school as an institution" and that Lipp's concern for his pupils may not be efficacious "because of his extreme anti-establishment obsession." In response to the question on the rating sheet whether he would request the return of Lipp as a temporarily certified teacher if there should be an opening, Principal Carlin answered negatively.

No copy of this efficiency rating was given to Lipp before it was sent to the Bureau of Teacher Personnel. After he learned of the contents of the rating, plaintiff filed a grievance under the collective bargaining agreement covering him which alleged that Carlin had violated a provision of the contract requiring that efficiency ratings "be distributed to the individual teacher at the local school." Lipp's union represented him through the various stages of the grievance procedure in hearings before the Principal, the District Superintendent, and the General Superintendent. In each instance the Board of Education denied the grievance because of its consistent past practice of withholding ratings from temporarily certified teachers such as the plaintiff. The union then notified the plaintiff that it would no longer represent him in the grievance because the question of providing copies of ratings had been resolved during negotiations for a new contract. At the final grievance meeting where plaintiff was represented by his own attorney, the Board again denied the grievance and refused to remove the rating from his record. This lawsuit followed.

Lipp's complaint further alleged that the efficiency rating procedure violated the elementary rules of due process [1] and

---

1. Plaintiff's complaint alleged that due process of law required that the grievance procedure specified in the collective bargaining contract must provide for the following: 1) notice to the teacher of what rating was to be given, 2) a hearing

that the rating given him by Principal Carlin "damaged his reputation" and "will negatively influence his ability to obtain employment in the future." The prayer for relief asked for a declaration that the rating procedure violated teachers' due process rights, an injunction against continued use of the rating procedure, and the removal of the rating given the plaintiff from his record.

Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted, arguing that the complaint did not assert facts showing a deprivation of liberty or property within the meaning of the fourteenth amendment. The district court granted this motion on October 19, 1971. In its memorandum opinion, the court applied the balancing test of Cafeteria Workers v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961), and found that the statutory duty of the principal to rate his teachers outweighed the plaintiff's interest in avoiding possible derogatory remarks about himself, especially since the plaintiff did not allege a loss of employment, salary, or other benefits in his complaint.

■■ In this appeal plaintiff argues that the main issue is not whether the due process clause requires a hearing be-

fore the efficiency ratings are made, but rather, once a hearing procedure for grievances has already been established, whether this procedure must conform to constitutional due process standards.[2] This argument, however, ignores the fact that the due process clause imposes its procedural safeguards only to protect certain vital individual interests—life, liberty, and property. "[T]o determine whether due process requirements apply in the first place . . . [w]e must look to see if the interest is within the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 570–571, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Unless a plaintiff alleges facts to show that he is demanding procedural safeguards to protect an interest recognized by the fourteenth amendment, the procedural protections will never come into play.[3]

■ The United States Supreme Court has recently defined the extent of the concepts of "liberty" and "property" as they apply to the interests of an individual in public employment. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The facts which the plaintiff has alleged in his complaint do not show that he has been

---

where the teacher could confront the person who issues the rating, 3) an impartial officer or board to conduct the hearing, 4) representation by counsel, 5) confrontation of witnesses, 6) the opportunity to call witnesses in response, 7) the requirement that substantial evidence sustain any rating given, 8) the compilation of an adequate record to allow a meaningful appeal, and 9) the ability to appeal the rating before it is placed in a teacher's file.

2. Plaintiff quotes some of the provisions of the grievance procedure of the collective bargaining contract in his brief. Since the entire contract is not in the record, and since the procedure mentioned in the sections of it quoted by plaintiff are silent about the rights of representation by counsel, confrontation of witnesses, and the compilation of a record, we cannot determine to what extent this grievance procedure conforms to the

dictates of due process. It is doubtful whether a wholly impartial hearing officer is required to pass upon the correctness of the rating given individual teachers. Lucas v. Wisconsin Electric Power Company, 466 F.2d 638, 652 n. 30 (7th Cir. 1972), *citing* Perry v. Sindermann, 408 U.S. 593, 603, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). However, this issue is unimportant in light of our disposition of this case.

3. It is only after a court has found that plaintiff has been deprived of liberty or property within the meaning of the fourteenth amendment that it applies the balancing test of Cafeteria Workers v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961) to determine the *form* of hearing required. Board of Regents v. Roth, 408 U.S. at 570–571, 92 S.Ct. 2701. In this respect our approach differs from that of the district court.

deprived of either "liberty" or "property" so that due process protection was required in rating his teaching performance.

■ The complaint did not allege facts to show that plaintiff was deprived of liberty. The concept of liberty recognizes two particular interests of a public employee: 1) the protection of his good name, reputation, honor and integrity, and 2) his freedom to take advantage of other employment opportunities. Board of Regents v. Roth, 408 U.S. at 573–574, 92 S.Ct. 2701. Plaintiff did allege that his reputation was damaged as a result of his being labeled "anti-establishment" in the efficiency rating. But not every remark which may arguably affect one's reputation violates due process if made by a government official without a hearing, for the fourteenth amendment protects only against charges that "might seriously damage [one's] standing and associations in his community." *Id.* at 573, 92 S.Ct. at 2707. The report that a person is "anti-establishment," without more,[4] does not constitute a deprivation of liberty which the due process clause was meant to protect against. *Cf.* Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 139, 71 S.Ct. 624, 95 L.Ed. 817 (1951). Plaintiff also alleged that the efficiency rating would negatively affect his ability to obtain employment in the future. But not every negative effect upon one's attractiveness to future employers violates due process if it results without a hearing. If the government were to deny a person a license necessary to practice his profession, Schware v. Board of Bar Examiners, 353 U.S. 232, 238, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957), or were to diminish his chances of obtaining employment significantly, Truax v. Raich, 239 U.S. 33, 41, 36 S.Ct. 7, 60 L.Ed. 131 (1915), the due process clause might operate to require a hearing. But the remark that the plaintiff is "anti-establishment" in the context of a report that found him generally satisfactory does not require a hearing, especially since the exhibits attached to the complaint indicate that plaintiff was actually rehired by the Board of Education for the following year. We find that the plaintiff was not deprived of liberty by the defendants' use of the efficiency rating system.

■ Nor did the complaint allege sufficient facts to show that plaintiff was deprived of property without due process safeguards. The concept of property as it relates to public employment is usually defined in terms of an employee's legitimate claim of entitlement to his job. Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2701, Perry v. Sindermann, 408 U.S. 593, 602, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). But plaintiff's complaint did not even allege that he had been deprived of his job, any wages, or any employment benefits as a result of his rating. As such, it failed to state a claim upon which relief can be granted. Plaintiff's belated assertions on appeal that he was transferred to a less desirable teaching position because of the rating cannot be considered by this court, for these facts were not alleged in the complaint and are not supported by the record.[5]

Plaintiff's appellate brief also raises the issue that the rating he received was

---

4. Plaintiff's complaint and arguments before this court suggest, in fact, that he was quite popular with his students and their parents during the time he was supposedly displaying his anti-establishment bias.

5. Even if plaintiff had alleged that he had been transferred to another school because of the efficiency rating, it is doubtful whether his complaint would state a cause of action. As the Court recognized in *Roth*, 408 U.S. at 577, 92 S.Ct. 2701, a property interest is created by state law, local regulations, and existing understandings such as collective bargaining contracts. State law made it clear to the plaintiff that he had no legitimate expectation that he was immune from dismissal, transfer, or rating by his superiors. *See* 122 Ill.Rev.Stat. §§ 34–18, 34–84 (1971).

given in retaliation for the exercise of his first amendment rights. However, his complaint alleged no facts to sustain this theory, and the allegations added on appeal cannot make up for the deficiencies in the complaint.

Because of the shortcomings in the factual allegations of the plaintiff's complaint noted above, we affirm the order of the district court dismissing the complaint for failure to state a claim upon which relief can be granted.

Affirmed.