**Ruth SHIRCK, Plaintiff-Appellant,**

v.

**Robert S. THOMAS et al., Defendants-Appellees.**

**No. 18790.**

United States Court of Appeals, Seventh Circuit.

April 6, 1973.

Rehearing Denied Nov. 2, 1973.

Joseph R. Napoli, Peoria, Ill., Richard J. Medalie, Washington, D. C., for plaintiff-appellant.

Richard N. Molchan, Peoria, Ill., for defendants-appellees.

Stephen J. Pollack, David Rubin, Washington, D. C., amicus curiae.

Before SWYGERT, Chief Judge and FAIRCHILD and STEVENS, Circuit Judges.

STEVENS, Circuit Judge.

On April 1, 1969, defendants notified plaintiff that she would not be reemployed as a high school teacher for the 1969-1970 academic year. The question is whether that action deprived her of "property" or "liberty" protected by the Fourteenth Amendment.

Plaintiff received notice of the reasons for her nonrenewal as required by Ill.Rev.Stat. Ch. 122, § 24–10. As we explained when the case was first before us, those reasons "related to her performance in her work, particularly her failure to coordinate her teaching with that of the other German teacher so that students who needed to transfer at the end of a semester would not be handicapped." 447 F.2d 1025, 1026. Our decision that she was entitled to the kind of hearing required by Roth v. Board of Regents, 446 F.2d 806 (7th Cir. 1971), which was then the law of this circuit, was vacated and we have been directed to reconsider in the light of the Supreme Court's opinion in that case. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. See Thomas v. Shirck, 408 U.S. 940, 92 S.Ct. 2848, 33 L.Ed.2d 764. The parties have filed extensive supplemental briefs; we now affirm the summary judgment entered by the district court in favor of defendants.

■ Plaintiff had no contractual entitlement, either express or implied, to future employment. Since she received notice of nonrenewal before completion of her second year of teaching, she had no statutory tenure. She argues, however, that the Illinois statute requiring that she be given such notice created a sufficient "property" interest to bring the due process clause into play. This argument confuses the decisive distinction between procedure and substance.[1] Since the Illinois statutory procedure was observed, that statute affords plaintiff no substantive right.

■ Plaintiff also contends that the reason assigned by defendants for their nonrenewal decision deprived her of "liberty." She argues alternatively that as a matter of law those reasons imposed a "stigma" sufficient to foreclose her "freedom to take advantage of other employment opportunities," cf. Roth, 408 U.S. at 578, 92 S.Ct. at 2707, or, at the very least, that a question of fact is presented which precludes approval of the summary judgment.

We first note that there is no suggestion that the State has denied her employment to penalize or inhibit her exercise of any constitutionally protected right. Cf. Perry v. Sindermann, 408 U.S. 593, 597–598, 92 S.Ct. 2694, 33 L. Ed.2d 570, Illinois State Employees Union, et al. v. Lewis, 473 F.2d 561 (7th Cir. 1972). Nor did defendants' action create any legal disability impairing her eligibility for other employment.[2] There was no public "posting" of plaintiff's name which might have created the kind of "stigma" upon "her good name, reputation, honor, or integrity" such as the Court condemned in Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515.[3] On the

---

1. See 447 F.2d at 1028 (dissenting opinion).

2. "Similarly, there is no suggestion that the State, in declining to re-employ the respondent, imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities. The State, for example, did not invoke any regulations to bar the respondent from all other public employment in State universities." 408 U.S. at 573, 92 S.Ct., at 2707.

3. The following portion of the Roth opinion, on which plaintiff relies, is largely derived from Constantineau:
"The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage

contrary, plaintiff's injury stems entirely from (1) the fact that her employment was not continued, and (2) the reasons assigned by defendants for their decision.

The fact that nonretention has unquestionably made plaintiff less attractive to other employers does not amount to a constitutional deprivation of "liberty." This much is plainly settled by *Roth*[4] and *Sindermann*.[5] In our opinion, the adverse impact of the nonrenewal decision was not aggravated either by the fact that defendants gave plaintiff a written statement of reasons for their action or by the content of that statement.[6] Assuming, as the record indicates that those reasons were not published to persons who did not participate in the nonrenewal decision, they could

create no greater stigma than if the action had not been explained at all.[7]

Even assuming, however, that the reasons were divulged to third parties, we are persuaded that they do not contain the kind of impact on "good name, reputation, honor, or integrity" contemplated by *Constantineau* or the part of *Roth* on which plaintiff relies. *Cf.* Lipp v. Board of Education, 470 F.2d 802, 804 (7th Cir. 1972). We therefore conclude that even accepting her allegations and affidavits as entirely true, her claim must fail.

Affirmed.

FAIRCHILD, Circuit Judge (dissenting).

I think that it is a question of fact whether the criticisms included in the

---

his standing and associations in his community. It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality. Had it done so, this would be a different case. For '[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.' Wisconsin v. Constantineau, 400 U.S. 433, 437 [91 S.Ct. 507, 27 L.Ed.2d 515]; Wieman v. Updegraff, 344 U.S. 183, 191, [73 S.Ct. 215, 219, 97 L.Ed. 216]; Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123 [71 S.Ct. 624, 95 L.Ed. 817]; United States v. Lovett, 328 U.S. 303, 316–317 [66 S.Ct. 1073, 1079, 90 L.Ed. 1252]; Peters v. Hobby, 349 U.S. 331, 352 [75 S.Ct. 790, 801, 99 L.Ed. 1129]. (Douglas, J., concurring). See Cafeteria & etc. Workers v. McElroy, 367 U.S. 886, 898, 81 S.Ct. 1743, 1750, 6 L.Ed.2d 1230. In such a case, due process would accord an opportunity to refute the charge before University officials. In the present case, however, there is no suggestion whatever that the respondent's interest in his 'good name, reputation, honor or integrity' is at stake." 408 U.S. at 573, 92 S.Ct. at 2707.

4. "There is no suggestion of how nonretention might affect the respondent's future employment prospects. Mere proof, for example, that his record of nonretention in one job, taken alone, might make

him somewhat less attractive to some other employers would hardly establish the kind of foreclosure of opportunities amounting to a deprivation of 'liberty.' *Cf.* Schware v. Board of Bar Examiners, 353 U.S. 232 [77 S.Ct. 752, 1 L.Ed.2d 796]." 408 U.S. 574, n. 13, 92 S.Ct. at 2708.

5. "Similarly, the respondent here has yet to show that he has been deprived of an interest that could invoke procedural due process protection. As in *Roth*, the mere showing that he was not rehired in one particular job, without more, did not amount to a showing of a loss of liberty. Nor did it amount to a showing of a loss of property." 408 U.S. at 599, 92 S.Ct. at 2698.

See also Johnson v. Fraley, 470 F.2d 179, 185–186 (4th Cir. 1972), Borman, Senior Circuit Judge, concurring.

6. In the letter of termination "it was pointed out that you had failed to coordinate your teaching with that of the other German teacher to the extent that students who had to change teachers at the start of the second semester had been handicapped more than should be normally expected. In addition, these students were made to feel that the reason for their difficulty was due to the inferior methods used by the other teacher." A. 9.

7. It would be anomalous if the delivery of a written statement of reasons, which the dissenters in *Roth* deem constitutionally required, should be regarded as a *deprivation* of liberty under the majority's analysis.

reasons for nonrenewal imposed a disability of enough substance to foreclose plaintiff's freedom to obtain other employment.