Richard W. HOSTROP, Plaintiff,

v.

**BOARD OF JUNIOR COLLEGE DISTRICT NO. 515 et al., Defendants.**

No. 71 C 147.

United States District Court,
N. D. Illinois, E. D.

Sept. 23, 1974.

Wayne B. Giampietro, Chicago, Ill., for plaintiff.

Anthony G. Scariano, Chicago, Ill., for defendants.

MEMORANDUM AND JUDGMENT ORDER

AUSTIN, District Judge.

On July 23, 1970, Plaintiff Richard Hostrop was discharged as President and chief administrative officer of Prairie State Junior College in Chicago Heights, Illinois. In early 1971, Hostrop brought this lawsuit, seeking monetary, declaratory, and injunctive relief against Defendants, members of No. 515

Junior College Board of Directors. Specifically, Plaintiff maintained that he was unconstitutionally denied a Board hearing before termination. He further contended that his severance resulted solely because of his preparation and circulation of a highly controversial memorandum criticizing a Board-approved Ethnic Studies program and that, consequently, the dismissal was unjustified, a breach of his employment contract, and a violation of his first amendment right to freely speak his opinions.

This matter first came before me in February, 1972, when I dismissed the amended complaint for failure to state a claim upon which relief can be granted. *Hostrop v. Board of Junior College District No. 515*, 337 F.Supp. 977 (N.D.Ill. 1972). Assuming the accuracy of his well-pleaded allegations for purposes of my decision, I found that, due to his high-level administrative position and his intimate working relationship with the Board, Hostrop could not receive first or fourteenth amendment protection for public statements that were critical of his employer. On appeal, the Seventh Circuit disagreed and, on December 21, 1972, reversed and remanded this action, holding that the amended complaint presented viable contractual and constitutional claims.[1] *Hostrop v. Board of Junior College District No. 515*, 471 F.2d 488 (7th Cir. 1972).

Upon remand, I conducted a seven-day hearing at which the parties submitted evidence and arguments in support of their various contentions. After careful consideration, I conclude that Plaintiff has not proven the essential allegations

of his amended complaint and that judgment must be entered for Defendants.

## I. HEARING RIGHTS AND WAIVER

■■ First, Hostrup has not shown that he merited a pre-termination hearing. On appeal, the Seventh Circuit held that Plaintiff could recover on his due process-denial claim only if he proved that his particular circumstances gave rise to a "liberty" or "property" right warranting constitutional protection. On the basis of the evidence before me, he has not demonstrated the existence of either right. Since Hostrop made public the Board's grounds for discharge when it had no intention to do so itself, I find that his "standing in the community" was not damaged by any action of the Board. *See* 471 F.2d at 494. *See also Shirck v. Thomas*, 486 F.2d 691 (7th Cir. 1973); *Jafree v. Scott*, 372 F. Supp. 264, 270 (N.D.Ill.1974); *Defendants' Post-Trial Memorandum* 8–11. Moreover, because Plaintiff deceptively deleted a material provision of his proposed employment contract and misled Defendants concerning his extensive outside involvements, I further find that he had no reasonable or "legitimate claim of entitlement to his job." 471 F.2d at 494. *See Defendants' Post-Trial Memorandum* 11–16. It follows that, in this instance, due process does not demand a dismissal hearing. *See, generally, Birdwell v. Hazelwood School District*, 491 F.2d 490 (8th Cir. 1974).

■ Even allowing Hostrop a hearing right, I find that he waived it by refusing to attend the July 23, 1970 Board meeting at which he was discharged. The evidence established that his attend-

---

1. Plaintiff insists that the appellate court opinion held that his allegations were factually well-founded and actually specified the procedures due him. This argument is spurious and must be rejected. The Circuit decision only discussed Defendants' attack upon the legal sufficiency of Hostrop's claims. Fed.R.Civ.Pro. 12(b)(6). By its carefully-delineated terms, the appellate ruling merely asserted that Plaintiff's amended

complaint was actionable. The Court did not—as it properly could not—substantively evaluate these charges. In remanding "for the consideration of the causes of action the Plaintiff has pleaded," the Seventh Circuit remitted this litigation to me for factual findings and legal conclusions and not necessarily, as Hostrop seems to suggest, for the entry of judgment in his favor. 471 F.2d at 495.

ance was required by school rules and policy, that he knew of the pendency and substance of the meeting, that he had ample advance notice of the charges against him, and that he failed to be present on advice of counsel. Moreover, I find that the Board was prepared to undertake an informal impartial hearing into its complaints against him. In this context, Plaintiff's voluntary absence from a properly-noticed Board session constitutes a deliberate waiver of any due process rights he may have possessed. *See, generally, Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Birdwell, supra. See also Defendants' Post-Trial Memorandum* 17–29.

## II. FIRST AMENDMENT AND CONTRACTUAL RIGHTS

 Next, I find that Hostrop's dismissal was not motivated by his expression of views in the Ethnic Studies memorandum. I conclude that, as a matter of fact, his termination was fully justified and was the culmination of a series of confrontations and incidents which include the Savage and Cooke problems, the Perkins and Will affair, the timing and concealment of the Ethnic Studies memorandum, Mrs. Pommer's salary, the operation of the Storefront Academy, his unilateral contract deletion, his misinformation about his non-college activities, and his failure to provide the Board with requested financial reports. These events substantially impeded the Board's normal functions, critically impaired the personal working relationship between the parties, and completely destroyed the Board's confidence in Plaintiff's loyalty and abilities. Hostrop's discharge, therefore, was neither a deprivation of his free-speech rights nor a breach of contract. *See Defendants' Post-Trial Memorandum.*

## III. COUNT II CONSPIRACY CHARGE

Plaintiff's Count II conspiracy charge is without foundation and unsupported by any persuasive evidence.

## IV. JUDGMENT ORDER

After weighing all relevant evidence and the contentions of the parties, I find that Plaintiff was not entitled to a pre-dismissal hearing, that he waived any hearing right by failing to attend the July 23, 1970 Board meeting, and that his termination was justified and not the result of an unlawful deprivation of his first amendment privileges.

On the law and facts, judgment must be rendered in favor of Defendants.

Case dismissed.