PER CURIAM:
Precedentially, this is a very important case. It comes to us in the context of attorneys’ fees wherein the parties have agreed to the settlement of a class action (sex discrimination) Title VII Civil Rights Act suit. In the proposed settlement, the defendant agreed to an injunction prohibiting any further discrimination on the basis of sex. It agreed to make back pay awards to the named plaintiff and seven of the class members — the named plaintiff receiving $10,842 and the remaining members of the class receiving a total of $2,346. Over and above the back pay award the defendant agreed to pay $12,000 attorneys’ fees.
The District Judge held that although the parties had agreed to the settlement the Court had a duty to inquire into the reasonableness of the attorneys’ fees. Upon his analysis of the law and the facts he found that a reasonable fee would be $8,231.25. He declined to approve the settlement unless the fee was reduced accordingly.
The opinion and order of the District Court is reported, Foster v. Boise-Cascade, Inc., 420 F.Supp. 674 (S.D.Tex., 1976).
The attorney for the class action plaintiff appeals, contending that she is entitled to the full amount agreed upon by the parties.
Since the opinion of the District Court is fully reported, 420 F.Supp. 674-695, no good purpose would be served by restating here the careful and penetrating analysis there applied to the decision of this controversy. Suffice it to say, we agree that the District Court was not bound by the agreement of the parties as to the amount of attorney fees, and we are unable to say that its resolution of the dispute amounted to an abuse of judicial discretion.
The judgment of the District Court is
AFFIRMED.