Johnnie DEE SWAIN, Jr., Plaintiff,

v.

BOARD OF TRUSTEES et al., Defendants.

No. C78–419.

United States District Court,
N. D. Ohio, E. D.

Jan. 15, 1979.

---

Straughton Lynd, Green, Schiavoni, Murphy & Haines, Youngstown, Ohio, for plaintiff.

Stephen T. Parisi, Anthony J. DiVenere, Cleveland, Ohio, for defendants.

## MEMORANDUM OF OPINION

MANOS, District Judge.

This is a suit brought under 42 U.S.C. § 1983. The plaintiff claims that he was denied his constitutional right to due process of law by various officials of Kent State University. The defendants have moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and the court hereby grants the defendants' motion.

## I. FACTUAL BACKGROUND

On July 28, 1977, the Director of the Kent State University Graduate School of Business Administration offered the plaintiff, Johnnie dee Swain, Jr., a position as an Assistant Professor of Public Administration for the 1977–78 academic year. Dee Swain accepted and the nine-month appointment began on September 12, 1977. On December 1, 1977, dee Swain was informed of a departmental committee recommendation not to reappoint him for the 1978–79 academic year. Dee Swain was not reappointed to the nontenured position and filed this suit on April 10, 1978.

## II. CONCLUSIONS OF LAW

■ There can be no deprivation of the right to due process unless the plaintiff had a protected property or liberty interest. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Lake Michigan College Federation of Teachers v. Lake Michigan Community College,* 518 F.2d 1091 (6th Cir. 1975), *cert. denied,* 427 U.S. 904, 96 S.Ct. 3189, 49 L.Ed.2d 1197 (1976). The court holds that dee Swain has neither a property or liberty interest which would entitle him to due process protections.

## A. THE LIBERTY INTEREST

The Supreme Court considered the question of what constitutes a liberty interest in *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In that

case the Court held that a state college's refusal to renew a nontenured teacher's employment contract did not implicate a liberty interest. The Court stated:

> The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in his community. It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality. Had it done so, this would be a different case. For "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential."
>
> .    .    .    .    .
>
> Similarly, there is no suggestion that the State, in declining to re-employ the respondent, imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities.    .    .    .    Had it done so, this, again, would be a different case.

408 U.S. at 573–74, 92 S.Ct. at 2707.

■ Therefore, an employee claiming an infringement of a liberty interest must meet one of two tests: (1) that the denial of future employment was likely to seriously harm the employee's standing in the community, or (2) that the government action would foreclose the employee's future opportunities for employment.[1] The action of the Kent State officials does not seriously harm dee Swain's community standing or foreclose his future employment opportunities.

1. *Community Standing*

In *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971), the Supreme Court held that:

> [w]here a person's good name, reputation, honor, or integrity is at stake because of

what the government is doing to him, notice and an opportunity to be heard are essential.

However, allegations of inadequate job performance or incompetence do not impune one's good name, reputation, honor, or integrity to the extent that one's community standing is seriously harmed. As the Sixth Circuit Court of Appeals stated:

> [A]llegations of improper or inadequate performance do not constitute a deprivation of liberty within the meaning of the fourteenth amendment. *Abeyta v. Town of Taos*, 499 F.2d 323 (10th Cir. 1974); *Shirck v. Thomas*, 486 F.2d 691 (7th Cir. 1973). It has been held that in certain circumstances even the charge of "incompetence, neglect of duty, and malfeasance in office" does not amount to deprivation of liberty under *Roth*. *Adams v. Walker*, 492 F.2d 1003, 1008–09 (7th Cir. 1974).

*Lake Michigan College Federation of Teachers v. Lake Michigan Community College*, 518 F.2d 1091, 1097 (6th Cir. 1975), cert. denied, 427 U.S. 904, 96 S.Ct. 3189, 49 L.Ed.2d 1197 (1976). See also *Dennis v. S & S Consolidated Rural High School District*, 577 F.2d 338, 340–41 (5th Cir. 1978).

■ There is nothing in any of the material filed with the court indicating that dee Swain was nonrenewed for any reasons other than an inadequate teaching performance during his first year at Kent State. Accordingly, the court holds that plaintiff's liberty interest in his "good name, reputation, honor, or integrity" was not impaired.

2. *Future Employment Opportunities*

■ An individual has a protected liberty interest if the action of the state forecloses that person's freedom to take advantage of other employment opportunities. *Board of Regents v. Roth, supra.* Dee Swain claims that this doctrine entitles him to a due process hearing because he has submitted evidence indicating that he will have diffi-

---

1. See *Mazaleski v. Treusdell*, 183 U.S.App.D.C. 182, 562 F.2d 701, 712 (1977); *Weathers v. West Yuma County School District*, 530 F.2d 1335, 1338–39 (10th Cir. 1976); *Sims v. Fox*, 505 F.2d 857, 863 (5th Cir. 1974), cert. denied, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 678 (1975); *Blair v. Board of Regents*, 496 F.2d 322 (6th Cir. 1974); *Lipp v. Board of Education*, 470 F.2d 802, 805 (7th Cir. 1972).

culty finding a job as a university teacher. Specifically, dee Swain has submitted letters from his former professors in which the professors indicate that they have heard of dee Swain's inadequate teaching performance at Kent State University and that, on that basis, they recommend that dee Swain should seek a nonteaching job. Dee Swain argues, therefore, that summary judgment must be denied so that dee Swain can proceed to prove that the bad reports of dee Swain's teaching capabilities foreclose the possibility that he will succeed in finding a university teaching job.

■ However, the court holds that proof of such job foreclosure would not sustain dee Swain's claim of a constitutional deprivation. The Supreme Court in *Roth,* explaining what kind of foreclosure of future employment opportunities would implicate a liberty interest, stated:

The State, for example, did not invoke any regulations to bar the respondent from all other public employment in state universities. Had it done so, this, again, would be a different case. For "[t]o be deprived not only of present government employment but of future opportunity for it certainly is no small injury . . . ."

*Id.* 408 U.S. at 573–74, 92 S.Ct. at 2707. All of the cases cited by the Supreme Court in *Roth* as examples of job foreclosure entitling the deprived individuals to a due process hearing involved state actions which formally and completely deprived a person of any possibility of pursuing his chosen profession.[2]

■ Other courts, however, have not limited the applicability of the *Roth* protection from job foreclosure to situations where the state formally and completely deprived a person of future employment. When the state has published allegations that are so serious and derogatory in nature that future employment is effectively foreclosed because of those allegations, courts have mandated procedural due process protections. For example, if an employee is terminated for dishonesty, moral unfitness, manifest racism, serious mental illness, lack of intellectual ability, or for committing a serious felony and if the termination for such a reason means that future employment will be foreclosed, the employee must have an opportunity to challenge the allegation. *McGhee v. Draper,* 564 F.2d 902 (10th Cir. 1977) (nontenured teacher dismissed because of allegations of moral unfitness, distribution of pornography, and unfitness to teach students may foreclose future employment opportunities); *Cox v. Northern Virginia Transportation Commission,* 551 F.2d 555, 558 (4th Cir. 1976) (discharged employee charged with dishonesty or immorality is entitled to hearing); *Velger v. Cawley,* 525 F.2d 334, 336 (2d Cir. 1975), *rev'd on other grounds sub nom. Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) (allegation of a suicide attempt by a probationary police officer will foreclose employment as a policeman and, thus, hearing is required); *Greenhill v. Bailey,* 519 F.2d 5 (8th Cir. 1975) (allegations of lack of "intellectual ability" against dismissed medical student stigmatizes the student and entitles the student to informal due process hearing); *United States v. Briggs,* 514 F.2d 794, 798 (5th Cir. 1975) (accusation that one has committed a serious felony may impinge upon employment opportunities); *Lombard v. Board of Edu-*

---

2. The Supreme Court cited *Joint Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951); *Truax v. Raich,* 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1915); *Schware v. Board of Bar Examiners,* 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); and *Willner v. Committee on Character,* 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963). In *Joint Anti-Fascist Refugee Committee,* certain groups were placed on a list of subversive organizations, thereby automatically blacklisting the groups' members from any government employment. In *Truax,* the state of Arizona passed an anti-alien labor law barring employers from employing non-elector aliens for any more than 20 per cent of their jobs. In *Schware* and *Willner,* the plaintiffs' applications to the state bar were denied, thereby legally depriving them of the opportunity to practice law. The defendants have argued, therefore, that dee Swain has no liberty interest because the state has not formally and completely barred dee Swain from future employment.

*cation,* 502 F.2d 631, 637 (2d Cir. 1974), *cert. denied,* 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975) (charge that employee has serious mental disorder does grievous harm to employee's chances of further employment and entitles employee to full hearing); *Wellner v. Minnesota State Junior College Board,* 487 F.2d 153, 155–56 (8th Cir. 1973) (allegation of manifest racism diminishes the employee's chances for future employment as a teacher and entitles the employee to a hearing); *McNeill v. Butz,* 480 F.2d 314, 319–20 (4th Cir. 1973) (charges of deliberate fraud foreclose future employment opportunity and may call for due process hearing) (dicta).

However, courts generally have not demanded due process hearings when employers were terminating employees because of the employee's inability to adequately perform his or her job. *Paige v. Harris,* 584 F.2d 178, 183–84 (7th Cir. 1978); *Mazaleski v. Treusdell,* 183 U.S.App.D.C. 182, 562 F.2d 701 (1977); *Norbeck v. Davenport Community School District,* 545 F.2d 63, 69 (8th Cir. 1976); *Powers v. Mancos School District Re–6,* 539 F.2d 38 (10th Cir. 1976); *Gray v. Union County Intermediate Education District,* 520 F.2d 803, 806 (9th Cir. 1975); *Blair v. Board of Regents,* 496 F.2d 322, 324 (6th Cir. 1974); *Shirck v. Thomas,* 486 F.2d 691 (7th Cir. 1973); *Jablon v. Trustees of California State Colleges,* 482 F.2d 997, 1000 (9th Cir. 1973), *cert. denied,* 414 U.S. 1163, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974); *Scheelhaase v. Woodbury Central Community School District,* 488 F.2d 237, 242 (8th Cir. 1973); *Russell v. Hodges,* 470 F.2d 212, 217 (2d Cir. 1972); *Owen v. City of Independence,* 421 F.Supp. 1110, 1121 (W.D.Mo.1976); *Connealy v. Walsh,* 412 F.Supp. 146, 159 (W.D.Mo.1976); *Haron v. Board of Education,* 411 F.Supp. 68, 72–73 (E.D.N.Y.1976). But see *Staton v. Mayes,* 552 F.2d 908, 911 (10th Cir. 1977); *Huntley v. Community School Board,* 543 F.2d 979 (2d Cir. 1976); *Stevens v. Joint School District No. 1,* 429 F.Supp. 477 (W.D.Wis.1977). Consequently, even if dee Swain could prove that the allegations of his teaching incompetence have foreclosed his teaching employment prospects, it would not prove that his liber-

ty interests have been infringed. Dee Swain, therefore, has no protected liberty interest.

## B. PROPERTY INTEREST

■ Dee Swain was a nontenured faculty member. As such, he had no property interest in continued employment at Kent State University. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Morse v. Wozniak,* 565 F.2d 959 (6th Cir. 1977); *Parham v. Hardaway,* 555 F.2d 139 (6th Cir. 1977). The Supreme Court stated in *Roth* that:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

*Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. Dee Swain had no right to reappointment at Kent State; he therefore had no property interest in reappointment.

■ An additional "claim of entitlement" made by dee Swain is his claim to one week's pay which the University deducted from his salary because dee Swain allegedly took an unauthorized trip to a professional conference in Colorado. Complaint ¶ 23. However, the complaint fails to allege that dee Swain was not given notice of the reason for the deduction and the complaint fails to allege that dee Swain was denied a hearing. Indeed, the complaint states that dee Swain was notified of the reason for the pay deduction and that dee Swain appealed the decision. Due process in this context requires that individuals must be given notice and an opportunity to be heard. *Board of Curators v. Horowitz,* 435 U.S. 78, 98 S.Ct. 948, 952–53, 55 L.Ed.2d 124 (1978); *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). Because the complaint fails to allege that dee Swain was denied notice and an opportunity to be heard in regard to the deprivation of one week's pay, this part of the complaint fails to state a cause of action.

Moreover, dee Swain has not alleged that the charge of taking an unauthorized absence was false. The Supreme Court case of *Codd v. Velgar,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977), held that a complaint must indicate that there is a factual dispute as to the charges against the deprived individual. In *Codd,* the Supreme Court stated:

> [I]f the hearing mandated by the Due Process Clause is to serve any useful purpose, there must be some factual dispute between an employer and a discharged employee which has some significant bearing on the employee's reputation. Nowhere in his pleadings or elsewhere has respondent affirmatively asserted that the report of the apparent suicide attempt was substantially false. Neither the District Court nor the Court of Appeals made any such finding. When we consider the nature of the interest sought to be protected, we believe the absence of any such allegation or finding is fatal to respondent's claim under the Due Process Clause that he should have been given a hearing.

429 U.S. at 627, 97 S.Ct. at 884.

Because dee Swain fails to allege in his complaint that he did not take an unexcused absence, there does not appear to be a disputed fact which a hearing could have resolved. Accordingly, that part of the complaint is dismissed.

## III. CONCLUSION

Because dee Swain has no liberty or property interest, the defendants' motion for summary judgment is granted.

IT IS SO ORDERED.