**Leroy E. DUGGAN, Plaintiff,**

v.

**The TOWN OF OCEAN CITY, et al., Defendants.**

**Civ. A. No. J–81–30.**

United States District Court,
D. Maryland.

June 16, 1981.

Harold Buchman, Baltimore, Md., William A. Clarke, III, Salisbury, Md., Harrison Phillips, III, Ocean City, Md., for plaintiff.

E. Dale Adkins, III, Edward C. Mackie, Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

SHIRLEY B. JONES, District Judge.

This action was filed under 42 U.S.C. § 1983 and the Fourteenth Amendment. Plaintiff alleges that he was deprived of liberty without due process in that he was terminated from his employment for reasons which were damaging to his reputation without the opportunity for a hearing. More specifically, plaintiff alleges that until May 9, 1978, he held the position of Chief of Police of Ocean City, Maryland. Plaintiff claims that he was forced to resign his position by defendants on the basis of accusations that he had ties with organized crime, and that he was not trusted by other law enforcement agencies which consequently declined to provide intelligence data to Ocean City. Plaintiff refused to sign a prepared letter of resignation but, rather, submitted his own letter of resignation which did not recite any of the accusations made against him. It is alleged that this letter was submitted to defendants with the understanding that the reasons given in it, and not the accusations made against him, would constitute the official explanation of why he was resigning.

It is alleged that on August 28, 1978 and September 3, 1978, defendant Kelley released to a local radio station statements which contained accusations similar to those made by defendants at the time of plaintiff's termination. It is this release of information which plaintiff asserts imposed a stigma upon him sufficient to deprive him of a liberty interest. It is plaintiff's position that this release of information entitled him to a hearing in order to contest these allegations.

Defendants have moved to dismiss on two grounds. First, it is argued that the complaint simply fails to state a claim under 42 U.S.C. § 1983 or the Fourteenth Amend-

ment. Second, it is argued that plaintiff's claims are barred by the statute of limitations.

■ Dealing with defendants' arguments in inverse order, the Court finds the arguments going to the statute of limitations to be without merit. It is defendants' position that the appropriate statute of limitations in this case is one year. This argument is premised on the fact that Maryland has a one year statute of limitations for defamation and because this action is based upon a defamatory statement, the one year limitation should apply.

Section 1983 contains no statute of limitations and, consequently, it has been held that the most analogous state statute of limitations would apply. In Maryland that has been held to be three years. *Davidson v. Koerber,* 454 F.Supp. 1256 (D.Md.1978); *McIver v. Russell,* 264 F.Supp. 22 (D.Md. 1967). The Court finds no justification for holding that the applicable statute of limitations varies with the facts upon which an action under § 1983 is premised and the Court declines to do so.

Defendants' second argument, however, presents a far more difficult issue. Defendants contend that because the statements, which plaintiff claims stigmatized him, were made almost four months after his termination, that plaintiff cannot make a claim under § 1983. Defendants assert that plaintiff has merely made a claim for defamation.

■ It is well established that a public employee who is terminated for reasons which stigmatize him and tend to foreclose future employment opportunities is being deprived of a liberty interest and, hence, must be accorded due process. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). It is also clear that the stigmatizing allegations must be false, *Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) and that these allegations must be made public. *Sims v. Fox,* 505 F.2d 857 (5th Cir. 1974).

It does not appear to be seriously contested that the allegations which were made against plaintiff were stigmatizing, nor does it appear to be contested that those allegations were publicized. The issue which is presented by this case is whether the publicizing of these facts some four months after the employee's termination requires the according of due process.

The real foundation for defendants' argument lies in the Supreme Court's original ruling in *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The Court elaborated upon its ruling in *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), wherein the Court stated:

> Thus it was not thought sufficient to establish a claim under § 1983 and the Fourteenth Amendment that there simply be defamation by a state official; *the defamation had to occur in the course of the termination of employment.* Certainly there is no suggestion in *Roth* to indicate that a hearing would be required each time the State in its capacity as employer might be considered responsible for a statement defaming an employee who continues to be an employee.

*Id.* at 710, 96 S.Ct. at 1165 (emphasis added). Defendants argue that because the termination did not occur during the course of termination of employment, no liberty interest was implicated.

There is a paucity of precedent on this issue. The only indication the Supreme Court has given on this issue was in *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). In that case, a policeman had been terminated without the benefit of a hearing. The reasons for his discharge were disclosed to him in a private meeting and were not made public until they were given in response to discovery requests after suit had already been filed. The Court held that because the revelation of the reasons for plaintiff's termination "was made in the course of a judicial proceeding which did not commence until after petitioner had suffered the injury for which he seeks redress, it surely cannot provide retroactive support for his claim." *Id.* at 348, 96 S.Ct. at 2079. This statement is

somewhat ambiguous as it can be interpreted as meaning that the statements could not serve as a basis for plaintiff's claim because it had occurred after his termination, or it can be interpreted as meaning that the statements cannot serve as a basis for a claim because they were made in the course of a judicial proceeding.

The Supreme Court made reference to the language from *Paul* in *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). In that case, the Chief of Police had been terminated under allegations of improper conduct. The Court addressed the issue of whether plaintiff had been deprived of a liberty interest by accusations of impropriety by the City Council on the day prior to his discharge. The City Manager, however, gave no reasons at the time of his discharge.

> In the present case, the city—through the unanimous resolution of the City Council—released to the public an allegedly false statement impugning petitioner's honesty and integrity. Petitioner was discharged the next day. The Council's accusations received extensive coverage in the press, and even if they did not in point of fact "cause" petitioner's discharge, the defamatory and stigmatizing charges certainly "occur[red] in the course of the termination of employment." Cf. *Paul. v. Davis,* 424 U.S. 693, 710, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1976).

*Id.* at 633 n. 13, 100 S.Ct. at 1406–1407 n. 13. This language in *Owen* is particularly relevant because the Court impliedly recognized that the timing of the publicizing of the alleged defamation was a relevant factor in deciding whether or not a liberty interest was implicated by the employee's termination.

The United States Court of Appeals for the Second Circuit briefly addressed this issue in *Gentile v. Wallen,* 562 F.2d 193 (2d Cir. 1977). Plaintiff, in that case, was a school teacher who was discharged for falsifying forms in collusion with her principal. In arguing that she had been deprived of a liberty interest, plaintiff asserted that the derogatory information about her had been publicized in a number of ways, including a statement by the school board treasurer to the State Division of Employment that plaintiff had been discharged for misconduct. The Court held that the communication to the State Division of Employment could not serve as a basis for asserting deprivation of a liberty interest because "the communication occurred after appellant was terminated and hence, in the absence of an employment relationship, amounted to at most the type of simple defamation that the Supreme Court held not to trigger due process rights in *Paul v. Davis.*" Id. *at 198.*

The only case which the Court has been able to find which permitted a post-termination publication to serve as a basis for assertion of a liberty interest is *Dennis v. S&S Consolidated Rural High School District,* 577 F.2d 338 (5th Cir. 1978). In that case, a teacher's contract was not renewed by the school board because of allegations that he had a drinking problem. The school board voted not to renew plaintiff's contract without giving him any reasons. In response to a request by plaintiff, the school board met one month later and disclosures were made that plaintiff's contract was not being renewed because of an alleged drinking problem. The Court held that plaintiff had been deprived of a liberty interest because he had been stigmatized by these public allegations. The specific question of whether or not the fact that the publication of the allegations occurred after the decision not to renew plaintiff's contract had been made was never addressed by the Court. The Court did discuss *Dennis* in a subsequent case, citing it not for the proposition that post-termination publication was sufficient, but, rather, for the proposition that the defamation involved need not cause the deprivation. *Marrero v. City of Hialeah,* 625 F.2d 499 (5th Cir. 1980). "[I]t is sufficient that the defamation occur in connection with, and be reasonably related to, the alteration of the right or interest." *Id.* at 519.

The facts of *Dennis* are potentially distinguishable from the instant case. In *Dennis* the school board was voting on whether to renew the plaintiff's contract for the following year. Thus, although the decision to terminate had already been made at the time of the defamation, an employment relationship still existed at the time it was made.

█ The Court concludes, after reviewing the applicable precedent, that the facts alleged by plaintiff in the instant case do not state a claim for deprivation of a liberty interest without due process. The Court realizes that the allegations directed against plaintiff may very well damage his reputation and affect his ability to obtain future employment. This, however, would be true of any defamation, whether or not it was made in connection with plaintiff's termination. There comes a point in time when post termination publication of defamation becomes sufficiently remote from the termination itself so as to make it no longer within "the course of termination of employment." *Paul v. Davis*, 424 U.S. 693, 710, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1975).

The Supreme Court's holding in *Paul v. Davis* reinforces this Court's conclusion. In that case, the Court held that a defamatory statement made by a state official was not actionable in and of itself under § 1983 and the Fourteenth Amendment. Rather, the defamation must be accompanied by loss of employment. There comes a time at which the defamation leaves the umbrage of *Board of Regents v. Roth*, and becomes simple defamation within the holding of *Paul v. Davis*. The Court concludes that the point has been reached in the instant case and that the statements in question are not actionable under § 1983 and the Fourteenth Amendment.

That is not to say, however, that plaintiff is without a remedy. As defamation, these facts may appropriately state a claim under state law. The Court only concludes that plaintiff has no cause of action under federal law, and, therefore, defendants' motion to dismiss will be granted.