Charles J. **BRADFORD**, Hardwick Smith, et al., Plaintiffs-Appellants,

v.

David **BRONNER**, etc., et al., Defendants-Appellees.

No. 80–7591.

United States Court of Appeals, Fifth Circuit.* Unit B

Jan. 11, 1982.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

David G. Flack, Montgomery, Ala., for plaintiffs-appellants.

M. R. Nachman, Jr., Sp. Asst. Atty. Gen., Montgomery, Ala., for Bronner, Pappanastos, McGee and Glazer.

Before MARKEY [**], Chief Judge, and HILL and THOMAS A. CLARK, Circuit Judges.

THOMAS A. CLARK, Circuit Judge:

This appeal arises out of the termination from employment of the appellants by the State of Alabama. The district court granted the appellee's motion to dismiss or, in the alternative, for summary judgment. We affirm that decision, but we specifically base our holding only on those issues discussed below. We express neither our approval nor disapproval as to the other bases of the decision below.

Appellants Tomlin, Smith, and Bradford were all employed as capitol policemen by the State of Alabama. In 1979, appellee Bronner became Alabama's Finance Director, and as such was responsible for overseeing the capitol police. Bronner appointed appellee Murray as director of the force soon after his own appointment. Bronner and Murray became concerned about the physical condition and lack of qualifications of some members of the force. They then instituted a shakeup of the force. Murray allegedly told members of the force not to attempt to influence state legislators concerning the status of their employment. Apparently, some members of the force, other than the appellants, did approach legislators to register complaints and the appellees became aware of this situation. Following these complaints, the appellants allege that the appellees conspired to remove them from the force. In July 1979, all members of the force were required to

[**] Honorable Howard Markey, Chief Judge for the U. S. Court of Customs and Patent Appeals, sitting by designation.

undergo physical examinations. Smith and Tomlin failed theirs (although they allege that initially they passed the examination, only subsequently to have this determination changed). Bradford, a probationary employee, was discharged as the result of falling below the minimum standards, partially due to a failing score on the weapons test. Bradford alleges that appellee Murray forced him to use a faulty firearm and thereby insured that he would fail the test. Smith and Tomlin were discharged in August 1979 and Bradford the next month.

Smith then took an administrative appeal through the state system, and was subsequently reinstated with full back pay and benefits. The basis of this decision was that the physical standards did not apply to Smith due to a grandfather clause. Residual contested issues were pending in the state administrative system prior to the commencement of this suit. Tomlin took an administrative appeal, and was notified that he was being retired effective October 1, 1979. He then brought a suit in state court, which was settled with Tomlin being reinstated with back pay and an agreement for him to retire January 1, 1980. The state action was then dismissed with prejudice.

■ The district court correctly ruled that Tomlin's claims were barred by the doctrine of *res judicata*. *Stevenson v. International Paper Co.*, 516 F.2d 103 (5th Cir. 1975), sets out the requirements that must be met for *res judicata* to apply. The prior judgment must be rendered by a court of competent jurisdiction, the parties (or those in privity with them) must be identical in both suits, the same cause of action must be involved in both suits, and there must be a final judgment on the merits. *Id.* at 109.

■ The district court found that all of these requirements had been met as to Tomlin. It held that the case was heard by a court of competent jurisdiction, that Tomlin's claim was based on the prior state claim, that the parties were identical, and under *Astron Indus. Association v. Chrysler Motor Corp.*, 405 F.2d 958 (5th Cir. 1968), that a dismissal with prejudice constituted

a final judgment on the merits. We see no reason to disturb these findings, and therefore Tomlin's claims are barred by *res judicata.*

■ The district court dismissed appellant Smith's claims without prejudice pending his resort to state administrative and judicial remedies. This action was proper. Under *Patsy v. Florida International University*, 634 F.2d 900 (5th Cir. 1981), adequate and appropriate state remedies must be exhausted before a § 1983 action may proceed in federal court. The district court found that the Alabama administrative procedures would be adequate to afford Smith the relief he desires. Additionally, this court in *Thompson v. Bass*, 616 F.2d 1259 (5th Cir. 1980), has upheld the state administrative procedures as passing constitutional muster. Therefore, we agree with the lower court's disposition of Smith's claims.

■ Lastly, we affirm the dismissal of Bradford's claims. The district court found that Bradford was a probationary employee and that the state had adequate grounds to terminate him. The evidence fails to establish that plaintiff Bradford's first amendment rights had any bearing upon his being discharged. Instead, the facts reflect that Bradford lacked the necessary number of police training hours, had only a 46.22% average in the hours he did have of academic training (as opposed to the 70% required to pass), and had failed the weapons test. Thus, the state had ample reason to discharge him.

■ Further, the court below correctly rejected Bradford's claims of being stigmatized by his firing and by derogatory comments allegedly made by the appellees. Apparently, appellee Bronner made statements to the press regarding the lack of physical and professional qualifications of members of the capitol police force. He further said that they spent most of their time sitting under a tree. Under *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), no action lies in § 1983 for mere damage to reputation. In two cases allowing recovery (*Marrero v. City of*

*Hialeah,* 625 F.2d 499 (5th Cir. 1980), and *Dennis v. S & S Consolidated Rural High School District,* 577 F.2d 338 (5th Cir. 1978)), considerably more than reputation was at stake. In *Marrero* there was a significant loss of business goodwill, while in *Dennis* the comments directly resulted in the plaintiff's loss of his job. The comments in the instant case did not cause the dismissal of Bradford, nor did they result in the loss of a recognized property interest such as business goodwill. Therefore, *Paul v. Davis* controls and Bradford's claims were properly dismissed.

Thus, the district court ruling is AFFIRMED on the bases outlined above.