846 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John D. COMPTON, Plaintiff-Appellant,
v.
Glenn L. BOWMAN, individually and as Sheriff for Washington
County Maryland, Carroll E. Keller, individually and as
Captain, Washington County Sheriff's Department, Washington
County Sheriff's Department, Defendants-Appellees
 No. 87-1665.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1988.
Decided April 13, 1988.
 
 D.Md.
 AFFIRMED.
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Judge John R. Hargrove, District Judge. (CA-84-61-HAR).
 Matthew C. Leefer for appellant.
 William McC. Schildt (Strite, Schildt & Varner, P.A. on brief), Stuart M. Nathan, Assistant Attorney General, Department of Public Safety and Correctional Services (J. Joseph Curran, Jr., Attorney General, George A. Eichhorn, III, Assistant Attorney General, Department of Public Safety and Correctional Services on brief) for appellees.
 Before HARRISON L. WINTER, Chief Judge, CHAPMAN, Circuit Judges and JAMES B. MCMILLAN, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff John D. Compton sued under 42 U.S.C. Sec. 1983 alleging that in 1981 he was dismissed from his job with the Sheriff's Department of Washington County, Maryland, for constitutionally protected criticism of the Sheriff's Department's administration. He named as defendants Sheriff's Department, Sheriff Glenn L. Bowman, and Captain Carroll E. Keller. Compton claimed that the alleged violation of his first amendment rights extended to defendants' submission in 1983 of a solicited, unflattering letter of reference to Compton's prospective employer. Compton appeals the district court's limitation of evidence in Compton's Sec. 1983 case to events occurring before or during his 1981 dismissal from the Sheriff's Department, and the district court's decision not to exercise pendent jurisdiction over his Maryland state law claims of defamation and abusive discharge. We affirm.
 
 I.
 
 2
 Compton was still a probationary employee in the Sheriff's Department when he was discharged in February of 1981. The district court directed a verdict in favor of defendants at the close of plaintiff's case based on Compton's failure to prove that defendants were aware of Compton's alleged criticisms before Compton was terminated. The district court declined to admit evidence of Compton's alleged role in an April 1981 series of newspaper articles critical of the Sheriff's Department; a May 1981 staff meeting in which, allegedly, defendants announced a policy of firing those who publicly criticized the Sheriff's Department; and defendants' March 1983 uncomplimentary letter of reference to Compton's prospective employer, the Department of Police for the City of Hagerstown, Maryland.
 
 
 3
 The district court did not err in concluding that post-discharge acts were not probative of defendants' motive for discharge. Compton did not support his assertion that these events were probative of defendants' awareness of Compton's alleged criticisms before Compton was discharged in February of 1981. Moreover, Compton's Sec. 1983 claim of denial of his first amendment guarantee of free speech cannot be expanded to include a letter of reference written two years after his discharge. Cf. Paul v. Davis, 424 U.S. 693, 710 (1976) (a due process claim under Sec. 1983 does not exist if defamation did not occur in the course of the termination of employment); Duggan v. Town of Ocean City, 516 F.Supp. 1081, 1083-85 (D.Md.1981) (alleged defamation so remote in time from termination as to no longer be within the course of termination of employment).
 
 II.
 
 4
 Pendent jurisdiction over state claims is a matter of discretion, not of plaintiff's right. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). The district court did not abuse its discretion in declining to exercise jurisdiction over Compton's state law claims of defamation and abusive discharge.
 
 
 5
 The defamation claim was based upon a letter of reference written over two years after Compton's termination, remote in time and unlike the evidence of the 1981 events that formed the core of Compton's Sec. 1983 claim. Prudential considerations therefore militated against exercise of pendent jurisdiction over Compton's defamation claim. See id. at 726-27.
 
 
 6
 Similarly, a trial in federal district court on the abusive discharge claim would entail a time-consuming determination by the federal district court of the veracity of Compton's alleged criticisms in order to determine whether the motivation for the discharge contravenes some clear mandate of Maryland public policy. See Adler v. American Standard Corp., 830 F.2d 1303, 1306-07 (4 Cir.1987) (interpreting Adler v. American Standard Corp., 291 Md. 31, 432 A.2d 464, 473 (1981)). Cf. Buschi v. Kirven, 775 F.2d 1240, 1247-48 (4 Cir.1985) (irrelevant whether speech was true or false in first amendment Sec. 1983 claim).
 
 III.
 
 7
 Defendants' additional arguments that the district court abused its discretion in failing to transfer Compton's state claims to state court and demonstrated impermissible bias against him are totally without merit. The suit was instituted in the district court in the first instance so that the district court lacked authority to remand it to a state court. The record contains no evidence of bias.
 
 
 8
 AFFIRMED.