**BENA PARENT ASSOCIATION, et al., Relators,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 115, CASS LAKE, Respondent.**

No. C9–85–1702.

Court of Appeals of Minnesota.

Feb. 18, 1986.

Margaret Seelye Treuer, Bemidji, for relators.

Ralph T. Smith, Smith, Carpenter, Benshoof & Klein, Bemidji, for respondent.

Heard, considered and decided by FORSBERG, P.J., and LANSING and RANDALL, JJ.

## OPINION

LANSING, Judge.

The Bena Parent Association appeals the decision of Independent School District No. 115 to close Bena Elementary School. The association contends the board's order was not supported by substantial evidence, was arbitrary, contrary to law, and violated lawful procedure. We affirm the board's decision to close the school.

## FACTS

Independent School District No. 115 operates elementary schools in Bena and Cass Lake, which is 19 miles from Bena. On July 25, 1985, the board held a hearing to consider whether to close Bena Elementary School. Superintendent Frank Hanrath supplied a handout showing Bena Elementary's enrollment for the past 15 years. There were 69 students enrolled in 1970–71, and 32 students in 1984–85. Hanrath also submitted a printout from the Minnesota Department of Education showing a

decline in the projected enrollment for the district as a whole.

Hanrath estimated the district would save $81,958 by closing Bena Elementary and sending Bena children to Cass Lake. The savings would result from eliminating the positions of two teachers, a custodian, and a cook. Hanrath stated that "over the years" the district had difficulty with fund balances and as recently as five years ago had to borrow to continue operating. The Board is attempting to maintain a fund balance of $600,000. In June 1984 the fund balance was $458,861, but it declined to $279,141 by June 1985. The projected fund balance for June 1986 is $263,352.

Bena residents disputed the superintendent's figures. They emphasized the quality of education provided at Bena Elementary and protested the long bus ride to Cass Lake.

On August 7 the board met to decide whether to close the school. The attorney for the school board gave each board member 12 proposed findings of fact. The board voted to adopt the findings and to close Bena Elementary.

## ISSUES

1. Is the board's decision supported by substantial evidence?

2. Must there be a specific finding that the closing was necessary and practicable?

3. Was the board's decision affected by procedural error?

4. Did the board violate the Open Meeting Law?

## ANALYSIS

### I

■ A school board may close a school only after a public hearing on the question of necessity and practicability of the proposed closing. *See* Minn.Stat. § 123.36, subd. 11 (1984). This decision is given great deference but requires a factual basis of substantial evidence. *Moberg v. Independent School District No. 281*, 336 N.W.2d 510, 515–16 (Minn.1983). Substantial evidence is:

1. Such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;

2. More than a scintilla of evidence;

3. More than some evidence;

4. More than any evidence; and

5. Evidence considered in its entirety.

*Cable Communications Board v. Nor-West Cable Communications Partnership*, 356 N.W.2d 658, 668 (Minn.1984).

The association argues that substantial evidence does not support the board's finding that the district will save approximately $82,000 per year by closing Bena Elementary. We disagree. Although participants at the hearing offered different calculations, the figures and explanation offered by Superintendent Hanrath provide evidence that a reasonable mind might accept as adequate to support the conclusion that the district could save approximately $82,-000.

The association also argues that there was no evidence of the school district's need to save money. However, Superintendent Hanrath presented evidence that the district's 1985–86 expenses would exceed revenue. The board's finding that good fiscal management required an unappropriated fund balance of $600,000 was based on recommendations of the Minnesota Department of Education, and in June 1985 the balance was approximately $279,000. Substantial evidence supports each of these findings.

### II

■ The association contends that the board's decision must be set aside because there is no specific finding that the closing is necessary and practicable. *See* Minn. Stat. § 123.36, subd. 11. Although the statute implicitly requires a determination of necessity and practicability, there is no absolute requirement that those words be used. *Cf. Western Area Business and Civic Club v. Duluth School Board Inde-*

*pendent District No. 709,* 324 N.W.2d 361, 365 (Minn.1982).

The notice of hearing on the closing of Bena Elementary stated that a hearing would be held on the "necessity and practicability of closing the Bena school." The board made 12 findings before voting to close Bena Elementary. The findings support a conclusion that it is necessary and practicable to close the school. The board's findings satisfy the statutory requirements of Minn.Stat. § 123.36, subd. 11.

## III

■ The association contends that the board's decision must be set aside because of procedural error. First, the association assigns error to Superintendent Hanrath's failure to testify under oath and failure to answer all the questions posed.

Minn.Stat. § 123.36, subd. 11, provides in part:

Parties requesting to give testimony for and against the proposal shall be heard by the board before it makes a final decision to close or not to close the schoolhouse.

The statute does not explicitly require that testimony be given under oath, and we decline to impose this requirement when the legislature has not. *Compare* Minn. Stat. § 125.12, subd. 9 (all witnesses in a teacher termination hearing shall be sworn); Minn.Stat. § 127.31, subd. 8 (testimony regarding pupil expulsion shall be given under oath).

Similarly, Minn.Stat. § 123.36, subd. 11, does not require that an administrator answer all questions. The statutory requirements are satisfied when interested parties are given an opportunity to speak for or against a proposal to close a schoolhouse. *See generally Moberg,* 336 N.W.2d at 514–15.

The association also contends that the board erred by failing to employ an independent hearing officer. *See Schmidt v. Independent School District No. 1,* 349. N.W.2d 563, 567 (Minn.Ct.App.1984). The association urges that the requirement of independent hearing officers in teacher termination cases be extended to school closing cases.

In teacher termination cases the school board acts in a quasi-judicial role. *Morey v. Independent School District No. 492,* 271 Minn. 445, 448–49, 136 N.W.2d 105, 107–08 (1965). In determining what procedural rules must be followed, the supreme court has struck a balance between local control of teacher discipline and avoiding arbitrary dismissals. *Kroll v. Independent School District No. 593,* 304 N.W.2d 338, 344 (Minn.1981). The court has determined that procedural due process must be applied to termination hearings before school boards because of fundamental fairness and the opportunity for arbitrary actions affecting employment. *See Hardy v. Independent School District No. 694,* 301 Minn. 373, 378, 223 N.W.2d 124, 127 (1974); *Liffrig v. Independent School District No. 442,* 292 N.W.2d 726, 730 (Minn.1980).

■ The supreme court has similarly recognized the significance of school closings and held that closings are quasi-judicial decisions. *Western Area Business and Civic Club,* 324 N.W.2d at 365. Using an independent hearing officer would provide additional benefits and safeguards in school closing hearings. A hearing officer could take evidence and make detailed findings and conclusions, which would then be available to the board in reaching a decision. However, the line between judicial, legislative and administrative action is less clear in school closing cases, and the board is given wide discretion. *See id.* In *Moberg* the supreme court said:

[Public] testimony is only one factor the Board must consider in reaching a decision, and information received after a public hearing may be considered, provided it is obtained in accord with the Open Meeting Law and the decision is based upon the reasons stated in the public notice and issues addressed in public hearings. * * * The fact-gathering and deliberation process may continue until the Board feels confident that it is ade-

quately prepared to decide the matter. * * *.

* * * [W]e look to the locally elected representatives to receive public input, and weigh and resolve such conflicts within the parameters of their statutory authority.

336 N.W.2d at 515. Because the board's role and range of discretion is different in teacher termination and school closing cases and because there is not the same opportunity for arbitrary action against an individual, we decline to impose a due process requirement that a hearing officer must conduct school closing cases.

 Relying on *Schmidt*, 349 N.W.2d at 568, the association also objects because the attorney for the district who was present at the July 25 public hearing is a partner of the attorney who was present at the July 7 school board meeting. Again we note that the hearings in school closing cases and teacher termination cases are substantially different because of the board's role. We find neither a procedural error nor an appearance of prejudice.

## IV

The association's final contention is that the board violated the Open Meeting Law by failing to make copies of the findings available to members of the public. They request that sanctions be imposed.

Minn.Stat. § 471.705, subd. 1b(3) (1984), requires public inspection of certain printed materials prepared or distributed at the direction of a governing body subject to the law. The statute also provides a civil penalty of up to $100 for intentional violations. There is no record evidence to support the association's argument that the board intentionally violated the statute. Consequently, we cannot consider this issue on appeal.

## DECISION

The board's decision to close Bena Elementary is supported by substantial evidence on the record. The board is not required to make a specific finding that

states the closing was necessary and practicable. The board's decision was not affected by procedural error. This court cannot consider whether the board violated the Open Meeting Law without record evidence.

**Affirmed.**