Denise WILLISON, et al., Appellants,

v.

**PINE POINT EXPERIMENTAL
SCHOOL, et al., Respondents.**

No. CX–90–1450.

Court of Appeals of Minnesota.

Jan. 8, 1991.

John P. Smith, Smith & Hunter, P.A., Park Rapids, for appellants.

James B. Wallace, J. Stanton Bair, Wallace Law Firm, Park Rapids, for respondents.

Considered and decided by SCHUMACHER, P.J., and PARKER and KLAPHAKE, JJ.

## OPINION

SCHUMACHER, Judge.

Appellants Denise Willison, Serene Flanagan, and Duane Schumacher brought action against respondents Pine Point Experimental School, Independent School District No. 25, and six school board members for breach of contract and violation of the Minnesota Open Meeting Law, Minn.Stat. § 471.705 (1988). The trial court dismissed appellants' breach of contract claims without prejudice for lack of subject matter jurisdiction, but granted their' motion for summary judgment with respect to the issue of the open meeting law violation.

## FACTS

Willison, Flanagan, and Schumacher were teachers with the Pine Point Experimental School. At a closed meeting, the school board members voted to terminate the employment contracts of the three teachers. The school board also held several other closed meetings. Although the school board reinstated them after this action was commenced, Willison and Flanagan claim that they suffered damages as a result of the breach of contract. With respect to Schumacher, an administrative hearing was held and pursuant to the hearing examiner's findings and recommendations, the school board voted to terminate his employment.[1]

The trial court heard the matter pursuant to appellants' motion for summary judgment. At the hearing, counsel for appellants withdrew the motion for summary judgment on the breach of contract claim on behalf of Willison and Flanagan because of ongoing negotiations between these two appellants and respondents. Appellants asked that the court consider the motion only with respect to Schumacher.

At the hearing, respondents challenged the subject matter jurisdiction of the contract claim contending that appellants must first exhaust their administrative remedies and then seek review of the breach of contract claim by writ of certiorari to this court. The trial court agreed, denied Schumacher's motion for summary judgment, and dismissed the contract claims of all appellants without prejudice for lack of subject matter jurisdiction.

With respect to violation of the open meeting law, the court found that respondents had violated the statute and granted appellants' motion for summary judgment. Because the court determined that the violation was committed without willful intent and deliberation, it refused to impose a fine. The court further found that "although each of the closed meetings may have been held in violation of the 'open meeting' law, the meetings were related

---

1. Duane Schumacher properly sought review of the school district's decision to terminate him by writ of certiorari in this court. In an unpublished opinion released October 30, 1990, this court affirmed his dismissal.

and continuous in nature rather than three or more separate violations." Therefore, the court found that the provisions requiring forfeiture of office under Minn.Stat. § 471.705, subd. 2, were inapplicable.

## ISSUES

1. Did the trial court err by dismissing Schumacher's breach of contract claim for lack of subject matter jurisdiction?

2. Did the trial court err by granting appellants' motion for summary judgment with respect to the open meeting law violation, and by declining to impose a fine on respondents or ordering them to forfeit their school board positions upon a finding that they had violated the open meeting law?

## ANALYSIS

### 1. JURISDICTION

■ In *Dokmo v. Independent School Dist. No. 11*, 459 N.W.2d 671 (Minn.1990), the Minnesota Supreme Court states:

[t]his court's longstanding rule and repeated holding has been that the proper and only method of appealing school board decisions on teacher related matters is by writ of certiorari.

*Id.* at 673. In *Dokmo,* the supreme court clearly and unequivocally held that a petition for a writ of certiorari is the only procedure for reviewing a school board's action in terminating teacher contracts:

Dokmo argues the door to review by declaratory judgment action has never been firmly shut. If our past decisions have not done so, we do so today.

*Id.* at 677. Pursuant to *Dokmo,* the trial court did not err in dismissing appellant's breach of contract claim for lack of subject matter jurisdiction.

### 2. OPEN MEETING LAW

■ The open meeting law provides:

Except as otherwise expressly provided by statute, all meetings, including executive sessions, of * * * the governing body of any school district however organized * * * shall be open to the public * * *. This section shall not apply to any state agency, board, or commission when exercising quasi-judicial functions involving disciplinary proceedings.

Minn.Stat. § 471.705, subd. 1 (1988). The statute excepts from the requirement of an open meeting those meetings held for the purposes of considering strategy for labor negotiations. Minn.Stat. § 471.705, subd. 1a. In addition, the statute excepts from recordation of open meeting proceedings any materials classified by law as other than public as defined in chapter 13. Minn. Stat. § 471.705, subd. 1b.

"Open meeting statutes are enacted for the public benefit and are to be construed most favorably to the public." *St. Cloud Newspapers, Inc. v. District 742 Community Schools*, 332 N.W.2d 1, 4 (Minn.1983).

Legislative history suggests that the Open Meeting Law was enacted to prevent public bodies from dissolving into executive session on important but controversial matters, and to insure that the public has an opportunity both to detect improper influences and to present its views.

*Moberg v. Independent School Dist. No. 281*, 336 N.W.2d 510, 517 (Minn.1983). The supreme court has held that "good faith or lack of harm is not a defense * * * for violation of Minnesota's open meeting law." *Merz v. Leitch*, 342 N.W.2d 141, 146 (Minn.1984).

Minn.Stat. § 471.705, subd. 2 (1988) provides:

Any person who violates subdivision 1 shall be subject to personal liability in the form of a civil penalty in an amount not to exceed $100 for a single occurrence. * * * Upon a third violation by the same person connected with the same governing body, such person shall forfeit any further right to serve on such governing body or in any other capacity with such public body for a period of time equal to the term of office such person was then serving. The court determining the merits of any action in connection with any alleged third violation shall receive competent, relevant evidence in connection therewith and, upon finding as to the occurrence of a separate third

violation, unrelated to the previous violations issue its order declaring the position vacant and notify the appointing authority or clerk of the governing body. Although the trial court found respondents had violated the open meeting law, it determined that this was the first violation and it was committed without willful intent and deliberation. The court, therefore, refused to impose a fine on respondents or to remove them from their positions on the school board.

 We reverse and remand for the trial court to reconsider whether a fine and/or removal from office is appropriate in this situation. The trial court used the wrong standard in determining that a fine was inappropriate because the violation was committed without willful intent and deliberation. The trial court relied on Minn.Stat. § 471.705, subd. 1c(h), which provides:

> No fine or other penalty may be imposed on a member of a public body for a violation of *this subdivision* unless it is established that the violation was *willful and deliberate* by the member.

(Emphasis added.) As this section states, however, it only applies to subdivision 1c which governs notice of meetings. It does not apply to subdivision 2 which provides for a civil penalty and removal from office.

This court has determined that under subdivision 2, the correct standard is whether the violation was intentional, not willful and deliberate. *See Grossman v. School Bd. of I.S.D. No. 640*, 389 N.W.2d 532, 536 (Minn.App.1986); *Bena Parent Ass'n v. Independent School Dist. No. 115, Cass Lake*, 381 N.W.2d 517, 521 (Minn.App. 1986). We remand for the trial court to use this standard to determine whether a fine should be imposed.

In regard to the issue of removal from office upon the third violation, the trial court used the wrong standard. The court did not remove respondents from office because it found that "the meetings were related and continuous in nature rather than three or more separate violations." The open meeting law, however, does not require that the meetings be unrelated and separate; it requires that the violations be unrelated and separate. We remand for the trial court to determine whether there were three separate and unrelated violations.

### DECISION

1. The trial court properly denied Schumacher's motion for summary judgment on the contract claim and dismissed all of appellants contract claims for lack of subject matter jurisdiction.

2. The trial court improperly granted appellants' motion for summary judgment with respect to the violation of the open meeting law. We remand for the trial court to determine whether the violation or violations were intentional, and if there were three or more intentional violations, to require removal of the school board members from office.

Affirmed in part, reversed in part and remanded.